WINTRING-
HAM
v.
WINTRING-
HAM.

judgment shall be given for the plaintiff or demandant; or, if at any time after such judgment, the plaintiff or demandant shall sue any writ of error on the judgment, and the said judgment shall be affirmed, or the writ of error shall be discontinued, or the plaintiff non-suited therein, the defendant, in such action of writ of error, shall recover costs against the plaintiff or demandant, and have execution for the same as aforesaid," The language of this section is somewhat ambiguous, and ought to be construed so as to harmonize with the first and second sections of the act; otherwise, a defendant may recover costs in a case in which no damages could be given, and the plaintiff, had he succeeded, could not have recovered costs, which could hardly have been the intention of the Legislature.

## WINTRINGHAM *against* WINTRINGHAM.

The Court will not set aside a judgment entered up on a bond and warrant of attorney, or stay execution thereon, on the ground of fraud, at the instance of a creditor at large, or whose debt has not been legally ascertained by *judgment.*

*OAKLEY*, in behalf of a creditor, moved to set aside the judgment which had been entered up in this cause, on a bond and warrant of attorney, on the ground of fraud.

*Swift*, contra, made a preliminary objection, that the person, in whose behalf the application was made, was not a *judgment*, but a simple contract, creditor. He cited *Wiggins* v. *Armstrong*, (2 *Johns. Ch. Rep.* 144.) in which the Court of Chancery decided, that a creditor at large, or before judgment, was not entitled to the interference of that Court, to prevent the debtor from disposing of his property, under judgments and executions, in fraud of such creditor.

*Oakley* said, that in *Frazier* v. *Frazier*, (9 *Johns. Rep.* 80.) it did not appear, that the creditor, in whose favour the application was made, was a *judgment* creditor.(a)

*Per Curiam.* The application here is in behalf of a creditor at large, not a judgment creditor. In *Frazier* v. *Frazier*, according to our recollection, the motion was in behalf of a judgment creditor. The case of *Wiggins* v. *Armstrong*, is analogous ; and the Chancellor, after examining all the cases, refused to grant the party relief, until he had completed his title at law, by judgment and execution. The power exercised by this Court, in staying executions and setting aside judgments, on the ground of fraud, is an equitable power ; and if a Court of Chancery will not grant relief, except in favour of a judgment creditor, *a fortiori*, a Court of law cannot.

Motion denied.(b)

(a) Mr. *Tiffany*, the Counsel who made the motion in that case, afterwards informed the Reporter, that the application was in behalf of a *judgment* creditor.

(b) *Vide Hendricks* v. *Robinson*, (2 *Johns. Ch. Rep.* 283.) *Brinkerhoff* v. *Brown*, *Williams* v. *Brown*, and *M'Dermutt* v. *Strong*, (4 *Johns. Ch. Rep.* 671. 682. 687.) *Spader* v. *Davis*, (5 *Johns. Ch. Rep.* 230.) *Brinkerhoff* v. *Marvin*, (Id. 320.)