# BROOKS _a._ STONE.

### _Supreme Court, Eighth District; General Term_, 1860.

#### CREDITOR'S ACTION.— CREDITOR BY ATTACHMENT WITHOUT JUDGMENT.

A creditor by attachment, but before judgment, cannot maintain a creditor's action.[*] The provision of section 219 of the Code, allowing an injunction when it is made to appear that the plaintiff is entitled to the relief, and some part of the relief consists in restraining an act which, during the litigation, would injure plaintiff,—does not authorize an injunction to set aside a fraudulent lien upon property of the defendant, against which the plaintiff has obtained an attachment.

The provision of the same section, that when the defendant, pending the action, does an act in violation of plaintiff's rights, respecting the subject of the action, he may be restrained by injunction,—does not apply to such a case. The property attached cannot be deemed the subject of the action.

---

[*] Compare, however, Thayer _a._ Willet (9 _Ante_, 325). Hall _a._ Stryker (_Ib._, 342). And see Falconer _a._ Freeman (4 _Sandf. Ch._, 565), where it was held by the vice-chancellor, That creditors at large who have obtained a warrant of attachment under the statute relative to non-resident debtors, which they are prevented, by fraud, &c., from levying, acquire thereby a lien as valid and effectual as in the case of an execution at law ; and a court of equity will enforce it in the same way for the benefit of all creditors, without preference.

Appeal from an order vacating an injunction.

The plaintiff in this action had obtained an injunction, under section 219 of the Code, restraining a sale of the real property of his debtor, one of the defendants, under judgment and execution in favor of another defendant. The grounds on which the injunction was obtained were, that the judgment was confessed without consideration, and in fraud of the rights of creditors, and that the plaintiff had thereafter commenced an action against the debtor, and procured an attachment, upon which he had attached the real property which was now advertised to be sold under the judgment which he sought to impeach.

At special term, the injunction was dissolved, and the plaintiff appealed.

*A. G. Rice,* for the appellants.

*Cary & White,* for the respondents.

By the Court.*—Marvin, J.—The rule, prior to the Code, was well settled that a creditor could not restrain the debtor from disposing of his property until he had exhausted his remedy at law by judgment and execution. It was expressly held that an attaching creditor, under the absent-debtor act, could not move to set aside a judgment alleged to have been fraudulently confessed until trustees were appointed. (Fort *a.* Fort, 9 *Wend.*, 442.) In Wintringham *a.* Wintringham (20 *Johns.*, 296), the court refused to set aside a judgment confessed, or to stay execution, on the ground of fraud, at the instance of a creditor at large, whose debt had not been legally ascertained by judgment. In Reubens *a.* Joel (3 *Kern.*, 488) it was, however, supposed that the Code has so modified this rule as to embrace this case (§ 219).

An injunction-order may be made when it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce

* Present, Marvin, Davis, and Grover, JJ.

injury to the plaintiff. Is the case embraced by this clause of the statute? In other words, has this provision of the statute changed the pre-existing rule touching the character of the evidence to be produced to entitle the plaintiff to call in question the acts of the debtor relating to his property? I think it has not. The complaint does not show that the plaintiff is entitled to the relief demanded, as it does not show that he is a judgment-creditor, and until he shows himself a judgment-creditor, he has no right to call in question the judgment which George B. Stone has against Richard B. Stone. It may be that he will not be able to recover a judgment, or if he does, perhaps Richard B. Stone will pay it. In either case, this action will be useless,—unnecessary. The law has clearly settled the question, under what circumstances a plaintiff is entitled to the relief demanded in this case, and it is when he comes as a judgment-creditor, his remedy at law having been exhausted. I think Reubens a. Joel is, in principle, in point. The circumstances are not precisely the same. But in that case, the plaintiff was, as alleged, a creditor at large, and complained of an assignment by his debtors to defraud creditors, and sought to set it aside. The act complained of was past, though it is also alleged in the complaint, that a portion of the property assigned was about to be disposed of and sold, and an injunction was demanded as a part of the relief, to restrain the defendant from selling or disposing of the assigned property. Upon a demurrer to the complaint, judgment was for the defendant, and affirmed in the Court of Appeals.

---

## BETTS a. BIRDSALL.

*New York Superior Court; Special Term, September,* 1860.

### FORECLOSURE.—WRIT OF ASSISTANCE.

Upon a sale in foreclosure, the court gives possession to the purchaser as against all persons who are parties to the suit, or who came into possession under either of them pending the suit, but does not undertake to remove persons