This removal is part of the specific performance prayed for.

If obedience to this temporary injunction in this respect is to be enforced, one part of the specific performance is obtained without a trial. If that can be done as to one thing, it may as to all, and so all cases of specific performance be determined on a motion without a trial.

If obedience is not to be enforced before trial, then this injunction should not stand. A temporary injunction should only be issued to *prevent* an act, not to *compel* the performance of one.

Motion granted, with $10 costs.

---

## SKINNER *a.* OETTINGER.

*Supreme Court, First District; General Term, November,* 1861.

ATTACHMENT.—FRAUDULENT DISPOSITION OF PROPERTY.

An attachment may issue under the Code against the property of a debtor who has made a fraudulent assignment for the benefit of creditors, although the assignment is valid on its face under the law of 1860.

It is not necessary that the plaintiff in the action in which such attachment is issued should be a judgment-creditor.

The decision of a judge before whom a motion is made, upon conflicting evidence, is conclusive, so far as questions of fact are concerned.

Appeal from an order denying a motion to set aside an attachment.

The action was brought by Francis Skinner and others against J. N. Oettinger and L. Goldstein. Upon affidavits showing that the defendants had assigned all their property for the

benefit of creditors, giving preferences to certain persons, some of whom were their relatives, and tending to show that the assignment was fraudulent, plaintiff obtained an attachment. On affidavits denying fraud, the defendants moved to set aside the attachment. The motion was denied at special term, and the defendants appealed.

*A. I. Dittenhoeffer*, for the appellants.—I. There is no allegation that the assignment is void upon its face. No judgment had been obtained by plaintiffs. It will not be denied that a judgment must be obtained before a creditor's bill can be maintained. (Andrews *a.* Durant, 18 *N. Y.*, 496; Hall *a.* Stryker, 9 *Abbotts' Pr.*, 342.) The word "assigned" in the Code cannot have been intended to include general assignments for the benefit of creditors. If so, it virtually annuls the statute regulating the making thereof. (See Hall *a.* Stryker, *Ib.*, 350.) The case of Schlussel *a.* Willett (12 *Ib.*, 397; S. C., 34 *Barb.*, 615) is unlike this. In that case a judgment had been obtained a year before, which was the foundation of the attachment. Besides, the court held the assignment void upon its face, and recognized the authority of Hall *a.* Stryker.

II. Should the court, however, look into this case, then the question arises how far they will do so. This court has held that, " on a motion to vacate an attachment, the plaintiff's affidavits in opposition are to be received only for the purpose of explaining or contradicting the moving affidavits; and unless the attachment can be sustained on the original affidavits, it should be discharged." (Wilson *a.* Britton, 6 *Abbotts' Pr.*, 33; Dickenson *a.* Benham, 10 *Ib.*, 390.) If property is to be taken from the possession of third persons, before judgment and execution against the principal, without giving the third party an opportunity of being heard, on mere *ex-parte* affidavits, then the most clear and explicit facts should be given to the court, upon which the attachment is asked. The affidavits should be made upon positive knowledge, if possible. When positive knowledge is not given, the reason why should be given. (3 *Sandf.*, 703; 13 *How. Pr.*, 348.)

*G. A. Seixas*, for the respondents, cited Schlussel *a.* Willett (12 *Abbotts' Pr.*, 397).

By the Court.*—Sutherland, J.—This action was not commenced to set aside the assignment as fraudulent, but to recover a judgment for an alleged debt. The action was not commenced, nor does it proceed upon the theory, that the plaintiffs had a lien upon the assigned property, or any better right to it, originally, and before the attachment was levied, than any other simple contract-creditor.

The only question of law there is in the case is, whether a fraudulent disposition of property, by way or under color of an assignment for the benefit of creditors, is or can be a fraudulent disposition of property within the Code, so as to authorize the issuing of an attachment under the Code.

The language of the Code is general and broad enough to include any and every fraudulent disposition of property.

The attachment issues, not because the plaintiff has a lien on the specific property alleged to have been fraudulently disposed of, but to acquire a lien as a provisional security for the payment of a judgment to be recovered.

Assuming the assigned property, seized under the attachment, to be, at the time of such seizure, in the possession of the assignees, the sheriff takes it at his peril, and he need not take it without being indemnified by the plaintiff. If the plaintiff indemnifies the sheriff, he indemnifies him at the peril and risk of being able to show the assignment to be fraudulent and void, in an action brought against the sheriff for the taking.

The plaintiff takes and enforces the provisional remedy at his peril. I repeat, the question is not as to the plaintiff's right to remove or set aside a fraudulent obstruction to the enforcement of a judgment and execution, but his right to a provisional statutory security for the payment of his debt, when he shall have obtained a judgment.

Upon sufficient evidence, then, that the assignment by the defendants was fraudulent, the attachment in this case might properly and regularly have been issued on that ground alone.

Upon the question of fact, on the motion to vacate the attachment, whether the defendants, by the assignment or otherwise, had made a fraudulent disposition of their property, there were

---

* Present, Sutherland, Clerke, and Barnard, JJ.

evidence and circumstances on both sides to show the fraud, and to contradict the charge of fraud.

This evidence and these circumstances were submitted to the judge who heard the motion, and his decision on this question of fact must be and ought to be held conclusive.

The order appealed from should be affirmed, with $10 costs.

CLERKE and BARNARD, JJ., concurred.