## SUPREME COURT.

THE MECHANICS' AND TRADERS' BANK OF JERSEY CITY, appellants agt. HENRY DAKIN and others, respondents.

In an *attachment suit* by a creditor against a non-resident debtor, under the Code, the sheriff is required to attach the real and personal estate of the debtor.

Shares in a corporation, or any debts, or other property, incapable of manual delivery, shall be attached by leaving a copy of the warrant, and a notice showing the property levied on, with an officer of the corporation. or with the debtor or individual holding such property.

In case judgment is entered for the plaintiff in the action, the sheriff shall satisfy the same according to the provisions contained in section 237 of the Code.

Until the judgment shall be paid, the sheriff may proceed to collect the notes and other evidences of debt, and apply the proceeds to the payment of the judgment. (§ 237, *sub.* 4.)

The actions authorized to be brought by the sheriff may be prosecuted by the plaintiff, or under his direction, upon giving to the sheriff an undertaking, with sureties, to indemnify him against costs and expenses. (§ 238.)

Attaching creditors take precedence, like creditors by execution, in the order in which the process comes to the hands of the sheriff.

While the lien is yet *inchoate*, the sheriff can defend his possession of property attached under the warrant, by or against actions or claims made through fraudulent assignments or transfers from the debtor, notwithstanding judgment has not been obtained in the action wherein the warrant was issued.

Where the sheriff has served the warrant of attachment upon a person indebted to the defendant in the attachment suit by bond and mortgage, and it is alleged that such defendant has, by fraud, and with the intent to hinder and delay his creditors, assigned the bond and mortgage to a third person; although the creditor in the attachment suit cannot sustain an equitable action to remove

this fraudulent obstruction to the collection of his claim, as the property is intangible and such as cannot be sold on execution, yet it is a *debt which the sheriff is authorized to collect* by virtue of sections 232 and 237 of the Code.

The sheriff may allege the fraudulent character of the transfer of the bond and mortgage, making the holder thereof a party for the purpose of testing his right, and bringing all parties claiming an interest before the court. The mortgagor might compel the sheriff, in such an action, to interplead the assignee of the mortgage, under section 122 of the Code, if the assignee were not made a party.

*New York General Term, January*, 1867.

*Before* LEONARD, INGRAHAM *and* CLERKE, *Justices.*

APPEAL from a judgment at special term dismissing the plaintiff's complaint.

L. R. MARSH, *for the appellants.*

WM. HENRY ARNOUX, *for the respondents.*

*By the court*, LEONARD, J. The Code has given to each creditor of a debtor, who is a non-resident, &c., in an action arising on contract for the recovery of money, the right to secure payment by a warrant of attachment, to be directed to the sheriff, requiring him to attach and safely keep all the property of the debtor, or sufficient to satisfy the demand of the creditor, with costs, &c.

The sheriff is required to attach the real and personal estate of the debtor; to take into his custody all books of account, vouchers, and papers relating to the property, debts, credits and effects of the debtor; also, to collect the debts, credits and effects of the debtor; and he is authorized to take legal proceedings for that purpose. (§ 232.) Shares in a corporation, or any debts, or other property, incapable of manual delivery, shall be attached by leaving a copy of the warrant, and a notice showing the property levied on, with an officer of the corporation, or with the debtor or individual holding such property. (§ 335.) In case judgment be entered for the plaintiff in such action, the sheriff shall satisfy the same, &c.: 1. By paying over the proceeds of sales and collections made. 2. If any balance remain unpaid, and an execution shall have been issued, he shall proceed to sell under the execution so much of the property

attached as will be sufficient to satisfy the balance, &c. 3. If any of the attached property has passed out of the hands of the sheriff, &c., he shall repossess himself of it, &c. 4. Until the judgment shall be paid, the sheriff may proceed to collect the notes and other evidences of debt, &c., and apply the proceeds to the payment of the judgment. (§ 237.)

The actions authorized to be brought by the sheriff may be prosecuted by the plaintiff, or under his direction, upon giving to the sheriff an undertaking, with sureties, to indemnify him against costs and expenses. (§ 238.)

These and other sections of the Code form a system whereby certain creditors are authorized to obtain a security upon the property of the debtor, who is a non-resident, &c., for the advantage of the creditor prosecuting the attachment. The creditor secures thereby a lien for his own benefit upon the estate of the debtor, which is available when he obtains judgment. The attaching creditors take precedence, like creditors by execution, in the order in which the process comes to the hands of the sheriff. While the lien is yet inchoate, the sheriff can defend his possession of property attached under the warrant, by or against actions or claims made through fraudulent assignments or transfers from the debtor, notwithstanding judgment has not been obtained in the action wherein the warrant was issued. This rule of law has been sufficiently recognized by this court and the court of appeals, although doubted at first by some judges in reported cases. (*Rinchey* agt. *Stryker*, 22 *How. Pr. R.* 75, *and Frost* agt. *Mott*, 34 *N. Y. R.* 253.)

In the case before us, the sheriff has served the warrant upon a person supposed to be indebted to the defendant in the attachment by bond and mortgage. The person so served admits the existence of his bond and mortgage executed to the non-resident debtor, and that it is unpaid. It is, however, alleged that such debtor has, by fraud, and with the intent to hinder and delay his creditors, assigned the bond and mortgage to Mr. Jewell, one of the defendants in this action. The question of fraud has not been passed upon by the judge before whom the action was tried, but the com-

plaint has been dismissed upon the ground that the creditor has no standing to maintain an action in equity to remove an obstruction which prevents the creditor from realizing the benefit of the security obtained by his attachment. The creditor has obtained judgment against the debtor in the attachment, and has issued his execution, which remains unsatisfied in the hands of the sheriff.

It is unnecessary to express any opinion on the question of fraudulent intent, because no fact or conclusion of law has been found upon the evidence relating to that subject, although sufficient was introduced to call for a judgment upon it, if the plaintiff is in a condition to invoke the equitable interposition of the court.

The right of an execution creditor to invoke the aid of a court of equity to remove an obstruction which operates to prevent such creditor from realizing the full benefit of his process, has been recognized and maintained by courts of equity. The plaintiff claims that the same relief pertains, by analogy, in the case of an attaching creditor.

In the cases where such jurisdiction has been entertained, it was for the purpose of aiding the creditor in obtaining satisfaction from the tangible real or personal property of the debtor. In the present case it will be observed that the property is intangible, such as cannot be sold on execution. It is a debt due on the bond and mortgage of the defendant Miller, to Dakin, the defendant in the warrant of attachment.

It is a debt which the sheriff is authorized to collect by virtue of sections 232 and 237, sub. 4. Although it is not declared in those sections that the sheriff shall collect by action, such is, I think, the plain meaning of the Code.

The right of bringing actions by the sheriff is directly recognized by section 238, which refers to such actions "herein authorized to be brought by the sheriff." No such power resides with the sheriff in aid of the enforcement of a common law execution upon a judgment. It is only by virtue of the Code that the sheriff can maintain actions to collect the choses in action of the debtor against whom he

holds an attachment, for the purpose of applying the collections to the satisfaction of the creditor's demands. In the case of a common law execution in the hands of the sheriff, it is the creditor, and not the sheriff, in whose favor jurisdiction has been entertained by courts of equity for the purpose of removing an obstruction or barrier existing against its enforcement.

The sheriff, in the performance of his duty under the execution on an ordinary judgment, at law or in equity, for the collection of money, has no authority to sue in equity for the purpose of better enabling him to collect it. Under the warrant of attachment it is made his duty to collect, and for that purpose he may bring actions on the debts due to the debtor in the attachment either in his own name or in that of the debtor in the attachment. No action appears to be given to the creditor in his own name, although by section 238 he is permitted to prosecute the actions therein authorized to be brought by the sheriff. Such prosecution must, I think, be conducted in the name of the sheriff. Else, why the required indemnity to him against costs and expenses not exceeding $250 in any one action. The privilege of bringing personal actions to collect debts is not conferred upon the attaching creditor. He must act through the sheriff. For a further consideration of this branch of the subject, I refer to the opinion of Judge CLERKE, in the case of *Skinner* agt. *Stewart* (39 *Barb.* 206).

The bond and mortgage sought to be reached is none the less the property of Dakin, the debtor in the attachment, as against the plaintiffs in this action, his creditor, since the assignment thereof to Jewell, than it was before; assuming, as we must for the purposes of this discussion, that the assignment from Dakin to Jewell was made fraudulently, to hinder, delay or defraud the plaintiff or other creditors. The authority of the sheriff to collect the bond and mortgage attached in the case is ample under the Code, asuming that it belongs to Dakin, and that the transfer to Jewell is fraudulent.

The sheriff may allege the fraudulent character of the

transfer, making the holder thereof a party for the purpose of testing his right, and bringing all parties claiming an interest before the court. The mortgagor might compel the sheriff, in such an action, to interplead the assignee of the mortgage, under section 122 of the Code, if the assignee were not made a party.

When money is collected by the sheriff under attachment, he must apply it according to the priorities of the attaching creditors. The plaintiff in the attachment has no power to collect the debt due from Miller, by judgment in his favor. Such a judgment would, in effect, be to the exclusion of the rights of any other ataching creditor. The action by the sheriff is maintained by virtue of the rights or liens of the attaching creditors. It is not for the benefit of a particular creditor, except as the creditors are entitled in the order of distribution; it cannot be assumed by the court that there are no other creditors besides this plaintiff.

If the obstruction arising from the fraudulent transfer should be removed by decree in this action, the money due must still be collected by the sheriff, perhaps by another action.

A judgment in this action has no practical result; the sheriff is the proper person to bring the action. The right to collect includes the right to maintain every other necessary action to make that right available. Such is the necessary construction of the provisions of the Code authorizing the sheriff to collect. The present is merely a volunteer action; it is wholly unlike the action by an execution creditor to remove an obstruction, as there the sheriff can do nothing to invoke the equitable interposition of the court to aid the effect of the execution; while in the case of an attachment, the sheriff is clothed with every necessary power, where a necessity arises for the collection of assets and choses in action. Indeed no action, in respect to debts and choses in action belonging to a debtor, could be maintained by a creditor, in aid of an execution in the hands of a sheriff. It is only after execution returned unsatisfied that a creditor by judgment can reach the intangible pro-

perty of his debtor, whether still remaining in his hands or fraudulently transferred to a third party.

While upholding, to the fullest extent, the lien of the attachment, and the right of protection and defense against fraudulent transfers and assignments, it appears to be wholly unnecessary and without authority that an action to collect, protect or remove obstructions to the collection of intangible assets, should be prosecuted in the name of the creditor. The sheriff, or the creditor in his name, can maintain every necessary action to collect the debts due to the defendant in the attachment, and for that purpose can make fraudulent assignees and claimants of such debts parties to the action, and thus overcome fraudulent transfers and obstructions.

Neither the case of *Rinchey* agt. *Stryker*, or the later one of *Frost* agt. *Mott*, are in point as authority in this case. Each of those actions were against the sheriff, and related to the possession of tangible property, subject to manual caption. In these cases it was held that the lien by attachment could be maintained, and that an attaching creditor, like a judgment creditor, can impeach the colorable title of a fraudulent mortgagee.

Those cases are authority only for the creditor to impeach the fraudulent acts of the debtor, through actions by or against the sheriff, not to maintain actions in the name of the creditor. Perhaps an action like the present may be maintained by an attaching creditor, in a case where no action is authorized to be prosecuted by the sheriff, should such a case arise.

There does not not appear to be any necessity, in the present case, for the creditor to bring the action.

The judgment should be affirmed, with costs.

INGRAHAM and CLERKE, JJ., concurring.