JAMES O'BRIEN, Sheriff, etc., Respondent, *v.* THE GLENVILLE WOOLEN COMPANY et al., Appellants.

Where actions have been commenced in this State by a foreign corporation upon subscriptions to its capital stock, and where a warrant of attachment has been issued against such corporation, by virtue of which the sheriff has attached the debts sought to be recovered in such actions, the sheriff has the right, under section 237 of the Code, to assume the prosecution thereof, either in his own name or in that of the original plaintiff. They can also be prosecuted by the plaintiff in the attachment proceedings upon giving the bond required by section 238.

Where several attachments have been issued and one of the attaching creditors assumes the prosecution of such actions, this does not conclude the others or operate as a bar to their claims. Until the debts are collected and appropriated to the payment of the attaching creditors in the order of their priority, they are in the custody of the law, and the sheriff is

responsible to the party legally entitled thereto for whatever shall be collected in the pending actions. He is a proper party, therefore, to bring an action against the adverse claimants of the fund to settle and establish their respective rights, or an action can be brought for that purpose by another of the attaching creditors.

In case, however, it is determined that the attaching creditor who prosecuted the actions is not entitled to the avails of the collections, he or his attorney is entitled to the costs recovered therein.

Whether upon the decease of the sheriff, in whose name an action has been instituted, to determine the rights of attaching creditors, his successor can be substituted as plaintiff, *quere.* The latter, as official successor and as trustee for all concerned, is a proper party.

(Argued April 8, 1872 ; decided November 12, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department,. affirming a judgment determining the rights of several attaching creditors entered upon the decision of the court at Special. Term ; also appeal from order of said General Term, affirming an order of Special Term continuing the action in the name of the present plaintiff.

This action was brought originally in the name of John Orser, late sheriff of the city and county of New York, to determine the rights of several attaching creditors as hereinafter specified.

The defendants, the Glenville Woolen Company, are a foreign corporation established under the laws of Connecticut, and were doing business as such in the year 1855.

On the 13th of October, 1855, two actions in the Superior Court of the city of New York were commenced by said company, one against the defendant, Ripley, and the other against the defendant, Cameron, for recovery of calls due on their shares of its capital stock.

On the 10th of August, 1855, John Whittal and William W. Pendleton commenced in the Supreme Court an action arising against the said Glenville Woolen Company, and on the same day an attachment against the property of the company, as a foreign corporation, was issued in said action, and delivered to Orser, as sheriff, to be executed.

On the 27th October, 1855, Ralph H. Isham and Joseph G. Isham, by Williams and Barnard, their attorneys, commenced an action in the Supreme Court against said company, and on the 29th day of October, 1855, an attachment against the property of said company was issued in such action and delivered to Orser to be executed.

The said Ralph H. and Joseph G. Isham, having given security to the sheriff under section 238 of the Code of Procedure, procured their attorneys to be substituted as attorneys for the Glenville Woolen Company in the two actions above mentioned.

And the said actions have ever since been carried on and prosecuted by the attorneys for said attaching creditors and their assignee.

On the 20th December, 1855, an action was commenced in the Supreme Court by Cousinery & Craig against said company, and on the same day an attachment was issued in said action against the property of said company and delivered to be executed to John Orser, then sheriff, as aforesaid. Other attachments also were issued and delivered to the sheriff.

On the 20th November, 1855, judgment was entered against the said company in the action commenced by said R. H. and J. G. Isham for $4,921.69.

On the 25th August, 1863, judgment was entered up against the company in the action commenced by Whittal and Pendleton for $1,018.50.

There is contained in the judgment roll an affidavit of Hugh Crombie, the deputy in charge of the various attachments made.

On 10th December, 1863, judgment was entered up against the Glenville Woolen Company in the action commenced by Cousinery and Craig for $11,339.81.

In or about the year 1861, assignments of the claims of Whittal & Pendleton and R. H. and J. G. Isham were made to R. H. Isham.

On the 1st March, 1862, an execution was issued on the

Isham judgment, by leave of this court, directed to John Orser as ex-sheriff, and was lodged with him.

In August, 1863, an execution was issued on the Whittal & Pendleton judgment, also directed to John Orser as ex-sheriff, and was lodged with him.

On 20th December, 1864, an execution was issued against the Glenville Woolen Company, on the Cousinery & Craig judgment.

In the actions against Ripley & Cameron, judgments were obtained for $3,336, principal and interest, and for $447.81 costs in each case.

These judgments were affirmed on appeal to the General Term and have since the trial of this action been affirmed by the Court of Appeals. (See *Glenville Woolen Company* v. *Ripley*, 43 N. Y., 206.)

On the 22d February, 1869, Cousinery & Craig issued an execution on their judgment, directed to John Orser as ex-sheriff, and lodged the same with him.

They also gave security to the plaintiff as ex-sheriff in the form prescribed by § 238 of the Code of Procedure.

And on the 26th February, 1869, they commenced this action in the name of John Orser, sheriff, against the Glenville Woolen Company, Ripley, Cameron & Isham, asking that the company and all persons acting in its name or behalf be enjoined from collecting the said two judgments, that Ripley & Cameron be enjoined from paying the same to any one except the plaintiff or Cousinery & Craig, and that Ripley & Cameron be adjudged and decreed to pay the same to Cousinery & Craig, or to the plaintiff for their benefit.

The defendants, Ralph H. Isham and the Glenville Woolen Company answered.

The justice before whom the cause was tried found that only the attachment of Cousinery & Craig were properly served upon Ripley & Cameron, and that they therefore were entitled to the avails of the judgment, and directed judgment substantially as asked in the complaint, and in consequence of the death of Orser after the trial and before decision, ordered

the judgment to be entered as of the date of the trial.   Judgment was entered accordingly.

An order was subsequently granted upon motion continuing the action in the name of the present plaintiff.

*Henry Whittaker* and *John H. Reynolds* for the appellants. This action is barred by the statute of limitations, if not technically, at least equitably, by reason of laches.   (Story's Eq., § 1552; *Reinus* v. *Druce*, 23 Beav., 1; *Board* v. *Corey*, 15 N. Y., 503; *Howland* v. *Edmonds*, 24 id., 307; *Cleveland* v. *Boerum*, id., 613; *Bruce* v. *Tilson*, 25 id., 194, 199, 203; *Adams* v. *Fort Plain Bank*, 36 id., 255; *Roberts* v. *Sykes*, 30 Barb., 173; *Hirsch* v. *Brooks*, 50 id., 334; *Dunham* v. *Nicholson*, 2 Sandf., 636; *Catlin* v. *Doughty*, 12 How., 457; *Coleman* v. *Second Avenue R. R. Co.*, 38 N. Y., 201.)   The Code gives no authority to commence proceedings for the collection of an attached debt after the entry of judgment in attachment suit.   (Code, §§ 232, 237, 238; *Thompson* v. *Culver*, 38 Barb., 442.)   The court will not create privileges for which the legislature has omitted to provide.   (*Kemp* v. *Harding*, 4 How., 178, 180 (per ALLEN J.). The present action is not maintainable in name of plaintiff. (*People* v. *Reeder*, 25 N. Y., 302; *Kuhlman* v. *Orser*, 5 Duer., 243, 248; *Sheldon* v. *Payne*, 10 N. Y., 398.) The sheriff owed a paramount duty to such of the attaching creditors as were senior in priority, and for neglect he is responsible.   (2 R. S., 440, § 47; Code § 419.) It was his duty to make all necessary levies, and of any omission he is responsible.   (*Ransom* v. *Halcott*, 18 Barb., 56, 59; *Swezey* v. *Lott*, 21 N. Y., 481, 484, and cases cited; *Davey* v. *Fields*, 2 Keyes, 608, 616; *Smith* v. *Orser*, 42 N. Y., 132.)   By the levy on the debts of Ripley & Cameron, the sheriff was entitled to collect them, and the right to continue the actions already commenced. (Code, §§ 121, 232; *Howard* v. *Taylor*, 5 Duer., 604; *Russell* v. *Ruckman*, 3 E. D. Smith, 419; *Kelly* v. *Breusing*, 33 Barb., 126.)   The decision adjudging that Ripley & Cameron

pay the debts to Cousinery & Craig was error. (*Davey* v. *Field*, 2 Keyes, 608, 616.)   Cousinery & Craig were privies to the proceedings in the Superior Court, and bound by its adjudication and disqualified from interfering therewith. (Greenleaf on Ev., §§ 189, 523; *Bates* v. *Stanton*, 1 Duer, 79 [87], etc.; *Duchess of Kingston Case*, 2 Smith's Leading Cases, 552, 553, and notes; *Craig* v. *Ward*, 35 Barb., 377, 383, etc.; *Embury* v. *Conner*, 3 Comst., 511, 522; *Voorhees* v. *Seymour*, 26 Barb., 569 [583]; *Goddard* v. *Benson*, 15 Abb., 191; *Green* v. *Clark*, 2 Kern., 343; *Castle* v. *Noyes*, 4 id., 329, 332; 3 Comst., 71; 5 Denio, 517.)   This suit is claimed to be one for the collection of property under section 238.   The suits in the Superior Court are for identically the same purpose.   The complaint, therefore, should have been dismissed.   (*Glenville Woolen Co.* v. *Ripley*, 6 Robertson, 530; S. C., 43 N. Y., 206; S. C., [on motion to change attorneys], 11 Ab. N. S., 87, 90; *Van Kleck* v. *Clark*, 38 Barb., 316; *Schell* v. *Erie R. Co.*, 35 How., 438, 444; *Grant* v. *Quick*, 5 Sandf., 612; *Mariposa Co.* v. *Garrison*, 26 How., 448; *Bennett* v. *Le Roy*, 6 Duer., 683; *McCarthy* v. *Peake*, 18 How., 138; *Thompson* v. *Van Vechten*, 6 Duer., 618.)

*Lucien Birdseye* for the respondent.   The findings of fact cannot be reviewed upon this appeal. (Code, § 268; *Colwell* v. *Lawrence*, 38 N. Y., 71; S. C., 36 How., 316.)   To create a lien under an attachment, there must be an actual service of it, as prescribed by sections 232 and 235 of the Code. (*Learned* v. *Vandenburgh*, 7 How., 379; 8 id., 77; *Ransom* v. *Halcott*, 18 Barb., 56.)   The statute of limitations is no defense to this action.   (*Stewert* v. *Skinner*, 39 Barb., 206.) He who covenants for the result of a suit between others is privy to the proceedings, and the judgment is conclusive against him. (1 Greenleaf Ev., § 523; *Rapelyea* v. *Prince*, 4 Hill., 119; *Bates* v. *Stanton*, 1 Duer, 79, 88; *Castle* v. *Noyes*, 4 Kern., 329.)   The order continuing cause was not appealable. (Code, § 11, sub. 4; *Hughes* v. *Rathbone*, Alb.

Law J., Jan. 28, 1871, p. 71.)   Judgment was properly entered *nunc pro tunc.*   (*Cumber* v. *Wane*, 1 Strange, 425; Broome, L. M., 52, and in 1 Smith's L. C., 150, *a*; 2 Dunlap Pr., 747; *Rightmeyer* v. *Dunham*, 12 Wend., 245; *Spaulding* v. *Congdon*, 18 Wend., 543; *Gurney* v. *Parks*, 1 How. Sp. T. R., 140; *Crawford* v. *Wilson*, 4 Barb., 504, 524; *Diefendorf* v. *House*, 9 How. P. R., 243, and cases cited; *Mackay* v. *Rhinelander*, 1 Johns. Cas., 408, 410; *Springsteed* v. *Jayne*, 4 Cow., 423; *Ogden* v. *See*, 3 How., 153; *Campbell* v. *Mesier*, 4 John. Ch. R., 334, 342, and cases cited; *Wood* v. *Keyes*, 6 Paige, 479; *Rogers* v. *Paterson*, 4 id., 409; *Vroom* v. *Ditmas*, 5 id., 528; *Bank of the U. S.* v. *Weisiger*, 2 Peters' Rep., 481; *Davies* v. *Davies*, 9 Vesey, 461.)   The cause was properly continued.   (2 R. S., 388, § 14.)

ALLEN J.   Section 237 of the Code authorizes an action by the sheriff to collect any notes or other evidences of debt, and the debts that may have been seized or attached under a warrant of attachment.   It follows that the sheriff could have had an action against Ripley & Cameron for the subscriptions to the capital stock of the Glenville Woolen Company.   Actions having been brought by the company before the service of the attachments, it was his right to assume the prosecution of those actions and carry on the same, either in his own name or the name of the original plaintiff.   By section 238, these actions could be prosecuted by the plaintiffs in the attachment proceedings upon giving the sheriff a bond, conditioned as prescribed by that section.   This was done by Isham and others, excluding Cousinery & Craig, who were attaching creditors.   But this action of Isham and others, whether with or without the act and assent of Cousinery & Craig did not conclude them, or operate as a bar to their claim as attaching creditors.   Until the debts were collected and appropriated to the payment of the attaching creditors in the order of their priority or as they should claim and were entitled, the debts were still held under the attachments for the benefit of whosoever should prove to be

entitled.   The debts were in the custody of the law, impounded to answer the claims of the creditors.   The rights of the respective creditors and claimants depended upon the priority of the service of their respective attachments, and upon disputed questions of fact which could not be deter mined in any of the pending actions.   The right of Cousinery & Craig to bring an action to assert their right to the benefit of the pending action and the debts which had been attached, can hardly be doubted.   Isham and others, were, by the prosecution of the actions for the recovery of the debts, asserting and exercising a claim adverse to and in exclusion of Cousinery & Craig, and the right of the sheriff to interfere with the acts of Isham and others, who were proceeding pursuant to section 238 of the Code, was at least doubtful.   But he was in the nature of a stakeholder, and responsible to the party, legally entitled, for whatever should be collected in the pending actions.   He was a proper party to bring this action against all the adverse claimants of the fund; and had he in his own right and for his own protection brought the action as an action in the nature of a bill of interpleader, Cousinery & Craig would have been necessary parties.   But the latter parties brought the action, assuming to do so under the provisions of section 238 of the Code, and it was really their action, and they would have been bound by a judgment adverse to their claim. But there is no objection that Cousinery & Craig were necessary parties, and hence such objection, even if it might have been taken, was waived, as was also another objection now taken, that the sheriff had not legal capacity to sue. (Code, section 144.)   The merits of the claims of the several litigants were put at issue and fairly tried, and upon conflict- and doubtful evidence the court below has decided the questions of fact adversely to the defendants, and has adjudged that the attachment of Cousinery & Craig alone was properly served, and that they alone had acquired a lien upon the debts.   These parties could not be and were not estopped from asserting their claim or bringing their action by the

acts and dealings of the sheriff and the other claimants. If the sheriff was negligent in the performance of his duty and omitted to serve the other attachments, or made a false return, the remedy is against him and not against Cousinery & Craig, or by subverting their legal rights. The judgment upon the merits should be affirmed.

Whether O'Brien should have been substituted as the plaintiff upon the decease of Orser may be doubtful, but it is not a very material question. Cousinery & Craig were the parties in interest in the Orser action, and also in the action as continued in the name of O'Brien, and are, by the judgment upon the merits, entitled to the benefits of the judgment. They might, under the notice of motion, have been made the plaintiffs in form upon the death of Orser, and, perhaps, that would have been the better course. But O'Brien, as the successor of Orser, was also a proper party as the official successor of Orser and trustee for all concerned.

The judgment of the court below only gives to Cousinery & Craig the amounts recovered for the debts and interest against Ripley & Cameron. The costs recovered in these actions belong to the attorneys or the parties prosecuting the action. Cousinery & Craig are not entitled to the costs included in the judgments against Ripley & Cameron.

The judgment thus interpreted is affirmed.

All concur.

Judgment affirmed.