The Mechanics' and Traders' Bank of Jersey City, Appellant, *v.* Henry Dakin et al., Respondents.

The fraudulent assignment of a bond and mortgage by a debtor does not prevent his creditor from acquiring a lien thereon by attachment; and where such lien has been acquired by the service of the attachment, with the proper notice upon the obligor and mortgagor, the attachment creditor, after perfecting judgment and issuing execution, may maintain an equitable action in his own name to enforce the lien, by setting aside the fraudulent transfer.

There is an original jurisdiction in a court of equity, independent of the statute in relation to attachments, to take cognizance of actions of this character.*

(Argued October 3, 1872; decided January term, 1873.).

Appeal from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment of Special Term dismissing plaintiff's complaint.

* This case, it will be perceived, was argued prior to the decision of the case of *Thurber* v. *Blanck* (50 N. Y., 80), with which it is in conflict. That case had not been brought to the attention of the commission at the time of the decision herein.

This action was brought to set aside an assignment by defendant, Dakin, of a bond and mortgage as fraudulent.

The plaintiff commenced an action on a promissory note against Dakin as a non-resident. An attachment was issued to Tompkins county and served on one Miller for the purpose of attaching a debt claimed to be due from him to Dakin and secured by bond and mortgage. The plaintiff obtained judgment in the suit, issued execution thereon to the sheriff of Tompkins county, which is still in his hands unreturned. After the giving of the note and before the commencement of the suit Dakin assigned this bond and mortgage to his brother-in-law, the defendant Jewell. This assignment is claimed to be without consideration and fraudulent as to creditors, and plaintiff thereupon commenced the present action, asking to set the same aside. The court at Special Term, after hearing the plaintiff's evidence, dismissed the complaint on the ground that the action could not be maintained while the execution was in the sheriff's hands unreturned. The General Term affirmed the judgment apparently on the ground that the action should be in the name of the sheriff.

*William F. Shepard* for the appellant. Plaintiff had a right to bring this action in its name to enforce its lien by setting aside the fraudulent transfer. (*Hendricks* v. *Robinson*, 2 J. Ch. R., 283, 296; 17 J. R., 438; *McElwain* v. *Willis*, 9 Wend., 548, 561, 567; *Falconer* v. *Freeman*, 4 Sand. Ch., 565; *Skinner* v. *Stuart*, 13 Abb., 442, 454, 456; *Crippen* v. *Hudson*, 13 N. Y., 161; *Rinchey* v. *Striker*, 31 id., 140; 26 How., 75; 28 N. Y., 45; *Greenleaf* v. *Mumford*, 19 Abb., 470; S. C., 30 How., 30; *Hall* v. *Stryker*, 27 N. Y., 596; *Frost* v. *Mott*, 34 id., 251.) Plaintiff could reach the bond and mortgage by virtue of the attachment and execution through the sheriff, and this action is within the jurisdiction of a court of equity. (Code, §§ 232, 235, 237; 3 R. S., 5th ed., 80, § 7; *Russell* v. *Ruckman*, 3 E. D. Smith, 419; *McKay* v. *Harrower*, 27 Barb., 463, 468, 469; *Greenleaf* v. *Mumford*, 19 Abb., 470; 30 How., 30.)

*Wm. H. Arnoux* for the respondents. If this is an action in the nature of a creditor's bill it cannot be maintained. The execution has not been returned *nulla bona*. (*Dunlevy* v. *Tallmadge*, 18 Abb. Pr., 48; S. C., 32 N. Y., 457; *Crippen* v. *Hudson*, 13 id., 161; *Beardsley Scythe Co.* v. *Foster*, 36 id., 561; *McElwain* v. *Willis*, 9 Wend., 548; affirmed, 3 Paige, 505; *Voorhees* v. *Howard*, 4 Keyes, 371; *Greenleaf* v. *Mumford*, 50 Barb., 543, 557.) The allegation that the sheriff is unable to satify the execution or any part thereof does not cure this defect. (*Beck* v. *Burdett*, 1 Paige, 305; *Dunlevy* v. *Tallmadge*, 32 N. Y., 457; *Shaw* v. *Dwight*, 27 id., 244.) A fraudulent assignment of choses in action stands on the same footing as a fraudulent assignment of any other property. (Willard's Eq. Jur., 238.) This action cannot be maintained as an action in aid of the execution because the bond and mortgage cannot be reached thereby. (*Beck* v. *Burdett*, 1 Paige, 305; *McElwain* v. *Willis*, 3 id., 505; *Mech. and Trad. Bank* v. *Dakin*, 50 Barb., 587; S. C., 33 How. Pr., 316; S. C., 28 id., 502.) The action in aid of the execution can only be maintained by the sheriff. (*Mech. and Trad. Bank* v. *Dakin*, 50 Barb., 587.) The Code prescribes the proceedings to be taken on an attachment, and the parties are confined thereto. (*Edgerton* v. *Ross*, 6 Abb., 189; *Dudley* v. *Mahew*, 3 N. Y., 9; Sedgwick Stat. and Crim. Law, 92; *Becker* v. *Torrance*, 31 N. Y., 636; *Jordan Plank-road* v. *Morley*, 23 id., 554; *Hollister* v. *Hollister Bank*, 2 Keyes, 248; *Hardman* v. *Bowen*, 39 N. Y., 199.) The complaint was properly dismissed. Plaintiff had not exhausted its legal remedy. (*Dunlevy* v. *Tallmadge*, 32 N. Y., 459; *Wilson* v. *Forsyth*, 24 Barb., 105.)

HUNT, C. The ground of dismissal by the General Term was different from the one upon which the dismissal was placed by the judge at the Special Term. It will be necessary to examine both grounds.

The judge at the Special Term held that no action could be maintained to set aside the fraudulent assignment of the

property by the debtor until an execution had been returned unsatisfied upon the judgment obtained against him. The complaint merely alleged, as the proof showed, that an attachment had been issued, and had been levied upon the bond and mortgage made by Miller to Dakin, that judgment had been rendered in the attachment suit, and an execution issued thereon, which remained unsatisfied in the hands of the sheriff, and unreturned.

As proceedings of this character are now regulated by our law and practice, they are generally of two kinds. The first is where it is alleged that the debtor has equitable assets which cannot be reached by an execution. In such case an execution must be issued upon the judgment for the purpose of making the amount from the property of the debtor liable to execution, if such may be found, and returned unsatisfied if none can be found. This is a necessary preliminary. All the cases agree that no such bill can be sustained until the remedy at law has been exhausted by the return of an execution unsatisfied.

The second class of cases is based upon the allegation that the debtor possesses property which, in its nature, is liable to seizure and sale upon execution, but that by fraudulent incumbrances upon the same the execution cannot be enforced. The aid of the Court of Chancery is therefore invoked to remove the incumbrances that the process at law may be effectually enforced. (*McElwain* v. *Willis*, 9 Wend., 548.) In such case it is indispensable that the execution should have been issued, but not that it should have been returned. (Ib.) Its return would be fatal to the relief sought.

The present case is certainly not of the latter character. The property seized under the attachment and now held by the attachment, and the judgment obtained in the attachment suit, is a bond and mortgage. This is a chose in action, not subject to levy on execution or to sale by virtue of an execution. The action cannot, therefore, properly be called an action, in aid of the proceeding at law, to give efficacy to

a sale upon execution of property subject to levy and sale on execution.

Nor is it a creditor's suit of the character first mentioned. It is not an action in which it is alleged that the defendant has no goods or chattels from which the debt can be made, nor to obtain equitable assets generally. It is an action to enforce a lien upon a particular security seized by an attachment proceeding. It is a suit to enforce a lien upon a chose in action by removing a fraudulent incumbrance upon it, so that the lien may be effectual; not as the lien of an execution simply, but that of an attachment, and a judgment and execution upon the attachment.

The service of the attachment creates a lien upon the property attached, which nothing but a dissolution of the attachment can destroy. (*Falconer* v. *Freeman*, 4 Sand. Ch., 565; Drake on Attachments, § 224.) The effect of this lien has been much discussed. It is now however settled in this State that the attachment is a good defence in an action brought by a fraudulent vendee against the sheriff for seizing the property. (*Rinchey* v. *Stryker*, 31 N. Y., 140; 28 id., 45, same case; *Frost* v. *Mott*, 34 id., 251; *Hall* v. *Stryker*, 27 N. Y., 596.) It has been held also that this lien will sustain an action by the creditor *asking* for the removal of the incumbrance. (*Skinner* v. *Stuart*, 15 Abb., 391; *Falconer* v. *Freeman, supra.*) The latter case was one in which a judgment had not been obtained in the attachment suit, and is in conflict with other decisions.

It is difficult to see upon what principle a sheriff may defend under the attachment against a suit by a fraudulent assignee that will not permit an *affirmative* proceeding to clear the property from the same incumbrance. *Skinner* v. *Stuart* (*supra*) is a case *precisely* in point. It was a Special Term decision only. It was delivered, however, by an eminent judge, now a member of the Court of Appeals (WM. F. ALLEN), and in my opinion is sound in principle. In *Greenleaf* v. *Mumford* (19 Abb., 470) the General Term of the first district lay down the rule to the same effect. The property seized, although a chose in action, is held by the attach-

ment and the execution. The attachment and its service creates the lien upon it. The judgment determines that the lien shall be enforced to the extent of the payment of the debt. The execution is the continuance of the attachment lien, with the added and conclusive authority of the judgment. Except for the fraudulent assignment, payment could at once be enforced in the mode provided by law. It is a proper case for the invocation of the aid of chancery for the removal of an ·obstruction which prevents the full execution of process from the courts of law. (Story Eq. Jur., § 1216, *b*; *Spear* v. *Wardell*, 1 N. Y., 144.) While the proceeding is not technically what is called a creditor bill, requiring a previous return of the execution *unsatisfied*, and asking for a general *appropriation* of the debtor's equitable assets to the payment of the debt, nor yet a bill in aid of an execution simply, where a levy has been made upon property liable to seizure and sale upon execution, it comes within the range of well established principles. The plaintiff has a specific lien upon the mortgage in question. He has perfected his lien by a judgment settling the question of liability and the amount. He has issued an execution which would authorize the application of the mortgage to the payment of his debt, but for the assignment to Jewell. He alleges that assignment to be in fraud of creditors, and asks that it be so declared. I think the request is well made, and that equity requires it to be granted.

The question remains whether the action can be maintained in the name of the plaintiff. Were there no jurisdiction of this subject in the Court of Chancery other than that derived ·from the statutes on the issuing of attachments there would be great doubt upon the subject. The Code provides (§ 232) that the sheriff to whom an attachment shall be issued "shall keep the property seized by him to answer any judgment which may be obtained in such action, and shall, subject to the direction of the court or judge, collect and receive into his possession all debts, credits and effects of the defendant." He is authorized also to take such legal proceedings in his own name or in that of the defendant as may be necessary

(Id.)   It is also provided that the action authorized to be brought by the sheriff may be prosecuted by the plaintiff or under his direction upon his delivery to the sheriff indemnity in the form specified against costs, damages or expenses on account thereof.   (Id., § 238.)

There is, however, an original jurisdiction in the Court of Chancery to remove fraudulent incumbrances, independent of the statutes on the subject of attachments or the statute regulating the filing of creditor's bill.   Thus, *Hendricks* v. *Robinson* (2 John. Ch., 295) was commenced in 1817 to set aside certain fraudulent conveyances, both of real and personal estate.   The action was brought by the creditor, the party interested, and the jurisdiction of the court was not disputed. This was before the existence of either of the statutes referred to.   The decision was affirmed by the Court for the Correction of Errors in 17 John. R., 483.   In Story's Eq. Jur. (§ 1216, *b*), already cited, the general jurisdiction of the Court of Chancery to take cognizance of cases of this character is broadly laid down, and numerous authorities are cited and many instances given in illustration of the doctrine.   This is the original jurisdiction of that court, independently of any statute.   The plaintiff is the party interested in the result, and ordinarily would be deemed the one exclusively entitled to bring the action.   The sheriff has no personal interest in the property, and there is no more necessity for his being the plaintiff in this case than in case where an article of property, subject to sale on execution, is fraudulently incumbered.   In that case the action is brought by the plaintiff himself, and not by the sheriff.   (See *McElwain* v. *Willis*, 9 Wend., 548.)   He is the agent simply of the plaintiff in the execution.

· In the particular instance of attachments the legislature have thought it wise to confer upon the sheriff, also, the power of bringing suit, to collect the demands in his hands under the attachment.   The plaintiff already had the power to bring an action like the present, and there is nothing in the statute evincing an intention to deprive him of it.   Assuming that the same power is given to the sheriff, it stands as a

power which either may exercise. In the event of a conflict between them, no doubt authority would be found to settle the dispute. I think the action is well brought in the name of the plaintiff.

.Nor is it an objection that, if the action is sustained and the fraudulent incumbrance vacated, the action to collect the debt must still be brought by the sheriff, and thus this action will be nugatory. If we assume for the moment that the exclusive power of collection is vested in the sheriff, the argument would still be unsound. The removal of the incumbrance must take place before the sheriff can collect the mortgage. It is an incumbrance in his path as well, and as great as in the plaintiff's. Its removal is essential to the success of either plaintiff in the mortgage foreclosure. Miller declares in his answer his readiness to pay the mortgage to the party entitled, and the removal of the incumbrance is apparently the only impediment to the immediate receipt of the money.

If the views hereinbefore expressed are correct, it is quite likely that the plaintiff would have equal authority with the sheriff to institute an action for the foreclosure of the mortgage.

Some other points of a minor character were suggested on the argument, which it is not necessary to discuss.

I am of the opinion that the judgment of dismissal should be reversed and a new trial ordered.

All concur.

Judgment reversed.