## LUPTON v. SMITH.

*Attachment — action in aid of cannot be brought in attaching creditor's name — Parties.*

An action in aid of an attachment brought to enforce choses in action upon which such attachment has been levied (Code, §§ 232, 237), must be brought in the name of the sheriff or of the debtor. While the attaching plaintiff may control such action he cannot bring it in his own name. *O'Brien* v. *Mech. & Trad. Fire Ins. Co.,* 14 Abb., N. S., 314, followed.

APPEAL by plaintiff from an order at special term vacating an attachment against the property of defendants.

---

The action was brought by William Lupton against Frederick W. Smith and another to recover the amount claimed to be due from defendants to certain non-resident debtors of plaintiff.

The attachment was granted on an affidavit of the plaintiff, which stated that defendants are indebted to James and John Fletcher in the sum of $5,000 and interest; that the defendants brought an action in this court against John and James Fletcher, in which a warrant of attachment was issued ; that the sheriff demanded and obtained from the defendants a certificate pursuant to section 236 of the Code, stating they were indebted to said James and John Fletcher in the sum of, or about, $5,000 ; that the plaintiff has delivered to said sheriff the undertaking required by section 238 of the Code ; that defendants are about to dispose of their property in fraud of their creditors ; and that the said James and John Fletcher reside in England.

*J. H. & B. F. Watson,* for appellant.

*C. Bainbridge Smith,* for respondents.

DAVIS, P. J. The appeal in this case presents a single question, and that is, whether, under section 238 of the Code of Procedure, the plaintiff in attachment cases may, by giving the bond therein provided, prosecute in his own name the action which the sheriff is authorized to bring by sections 232, and 237 of the Code. This question has received consideration in various cases, and conflicting views have been expressed upon it. In *Skinner* v. *Stuart,* 39 Barb. 206, the point was not directly involved, because that was an action brought by the plaintiffs in attachment proceedings to compel the delivery of tangible property to the sheriff, but CLERKE, J., in his opinion discusses the effect of section 238, and expresses the conclusion that debts, credits, and effects, may be collected in actions brought in the name of the attaching creditor on giving the bond. In *Mechanic's Bank* v. *Dakin,* 50 Barb. 587, the question was not directly involved, but LEONARD, J., examined it and came to a conclusion directly the reverse of that expressed by Mr. Justice CLERKE. In *Millbank* v. *Broadway Bank,* 3 Abb. N. S. 223, the only question to which the attention of the court seems to have been called, was whether, in an action pending in the name of the plaintiff, the bond to the sheriff could be filed *nunc pro tunc.* The

court, INGRAHAM, J., held that under sections 173 and 174 of the Code, the power to relieve from the consequences of such an omission existed. What would have been the views of the learned justice on the question now before us if the point had been raised is, at most, mere matter of inference from the order granted.

The point was only incidentally alluded to in *O'Brien* v. *Glenville Woolen Co.*, 50 N. Y. 128, and in *M. & F. Bank* v. *Dakin*, 51 id. 519, in which the Court of Appeals and the commission of appeals appear to be in conflict upon the question really involved in those cases. Nowhere do we find the question so directly presented as in *Van Valkenburgh* v. *Bates*, in the New York superior court at special term, (reported in note to *O'Brien* v. *Mech. & Trad. Fire Ins. Co.*, 14 Abb. N. S. 314), in which VAN VORST, J., in a clear and able opinion, which reviews all the authorities, comes to the following conclusions:

First. That an action in aid of an attachment brought to enforce choses in action upon which an attachment has been levied, must be brought in the name of the sheriff, or in the name of the debtor in the attachment.

Second. That the provision of the Code, (§ 238), that actions may be prosecuted by the plaintiff in the attachment, do not authorize the plaintiff to bring them in his own name; but enables him to take the control of such suits when brought by the sheriff, or to bring the same in the sheriff's name, on executing the bond of indemnity to the sheriff required by said section.

These conclusions have our full concurrence, and the reasons set forth by the learned judge in his opinion, as we think, lead irresistibly to the result at which he arrived.

We adopt them as our own, and, in consequence, affirm the order appealed from, with $10 costs of the appeal besides disbursements.

*Order affirmed.*