## FRANK J. CHILDS, RESPONDENT, *v.* THE VILLAGE OF WEST TROY, APPELLANT.

*Right of one traveling in a street—liability of one making an excavation therein—Costs—presenting claims for audit, when unnecessary—the trustees of West Troy cannot audit claims for tort.*

One driving along a public street has the right to assume that it is safe for travel, and is not bound to be on the look-out for danger as is one about to

cross a railroad track; and one who digs a pit therein must so guard and protect it that no accident can happen except by such extreme negligence on the part of a traveler as may almost be called willful.

Under the charter of the village of West Troy (chapter 230 of 1850, §§ 31, 32 and 33) the trustees thereof have no power to audit claims against the village, arising out of torts, and the claimant to entitle him to recover costs therein is not required by chapter 262 of 1859 to present his claim to the chief fiscal officer of the village before bringing an action thereon.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover the damages alleged to have been sustained by the plaintiff, by being thrown from his wagon by reason of an excavation alleged to have been made by the defendant's street commissioner, and left unguarded by the defendant, in one of the public streets of the village of West Troy.

*Galen R. Hitt*, for the appellant.

*P. D. Niver*, for the respondent.

LEARNED, P. J.:

Costello was street commissioner, and dug the ditch. Thus, he knew of the fact of the alleged obstruction. His knowledge was notice to defendant. The answer to the question in what capacity he dug the ditch was immaterial.

There is undoubtedly evidence tending to show that plaintiff was driving rapidly, and some evidence that he had been drinking. The accident occurred, according to his testimony, about 7 P. M.; according to his companion's somewhat later. The sun set about 7 P. M., at that time of the year. So it is difficult to understand how it could have been dark enough to prevent the plaintiff from seeing the obstruction.

But we must notice that this is not like the case of crossing a railroad track, where there is reason to expect danger and where the person crossing must be on the look-out. One driving along a street has the right to assume that it is safe for travel. He is not bound to drive on a walk lest some street commissioner should have dug a pit in the street. On the other hand, those who dig pits in public highways must so guard and protect them that no

accident can happen except by such extreme negligence of the traveler as may almost be called willful. (*Clifford* v. *Dam*, 10 Week. Dig., 153.)

The referee reported that plaintiff should recover costs, and judgment was entered therefor. To this defendant objects under chapter 262 of the Laws of 1859. The plaintiff insists that he is entitled to costs under the decision in *Howell* v. *Buffalo* (15 N. Y., 512). But that was only a decision that under the peculiar language of the Buffalo charter it was not necessary to present a claim upon tort before bringing an action; the word " claim " being used in connection with "account " and "contract." The case of *Mc-Clure* v. *Supervisors* (50 Barb., 594), might seem at first sight to be conclusive in the plaintiff's favor. But that was an action against the county, and the court held that a claim for damages for property destroyed by a mob was not one which must be audited by the supervisors. And further remarked that where the statutes for auditing demands against municipal corporations were sufficiently comprehensive to include claims arising in tort, such claims would come under this statute.

And thus, the question is whether such causes of action as the present can be " audited " by the trustees. Sections 31, 32, and 33 of the charter would indicate that they could not. The claims which they are to " audit " are to be accompanied by an affidavit of services done or disbursements made. This language does not apply to claims on tort. (And see *McGaffin* v. *Cohoes*, 74 N. Y., 387, 390.)

The judgment should be affirmed, with costs.

Present—LEARNED, P. J., BOCKES and LANDON, JJ.

Judgment affirmed, with costs.