(18 Misc. Rep. 590.)

KRATZENSTEIN v. LEHMAN et al.

(City Court of New York, General Term. December 12, 1896.)

1. ATTACHMENT—PROPERTY SUBJECT TO—LIFE INSURANCE.
    The interest of the insured in a policy which stipulates to pay a certain sum to him 10 years after date, or to his estate in the event of his death before then, and which has a present surrender value, is attachable, under Code Civ. Proc. § 648, authorizing attachment to be levied on a cause of action arising on contract, "whether past due or yet to become due."

2. EXECUTION—PROPERTY SUBJECT TO—CHOSE IN ACTION.
    The interest of the insured in a life insurance policy is a chose in action not subject to levy and sale on execution.

Appeal from special term.

Action by Herman Kratzenstein against Charles Lehman and others. From an order denying his motion to vacate judgment, and to enjoin execution sale of his interest in an insurance policy, defendant Lehman appeals. Reversed in part.

Argued before VAN WYCK, C. J., and FITZSIMONS and O'DWYER, JJ.

Moses Weinman, for appellant.
Abr. Gruber and T. B. Chancellor, for respondent.

VAN WYCK, C. J. The action was for goods sold and delivered by plaintiff to defendants, who resided in Louisiana, and an attachment was granted because of the nonresidence of defendants, and issued to the sheriff, who, thereunder, by service of a copy thereof on the Manhattan Life Insurance Company of this city, levied upon the defendant Lehman's interest under a certain life insurance and endowment policy, issued in 1889 by such company to defendant Lehman. The action was duly commenced by substituted service without the state, and the attachment was granted, and levy thereunder by service of copy thereof, made in December, 1895, and the judgment entered in March, 1896. The defendant Lehman only moved, in April following, to vacate this judgment, on the grounds that no proper levy had been made under the attachment, and that the judgment was irregularly entered, and to enjoin the sheriff from selling, under the execution issued on the judgment, said defendant's interest in said policy of insurance; and this appeal is from the order denying such motion.

Appellant's contention is that no valid levy was made under the attachment by service of copy thereof upon the insurance company—First, because the second subdivision of section 649 of Code requires the sheriff to levy under attachment upon personal property capable of manual delivery, including a bond, a promissory note, or other in

strument for the payment of money, by taking the same into the sheriff's actual custody. This policy was presumably in the possession of the defendant, who was in Louisiana, and the New York sheriff's authority did not reach so far, and, moreover, the policy was not, within the meaning of that Code provision, an instrument for the payment of money, but a written contract of life insurance and endowment. This policy had been in full force for more than three years before commencement of action and the issuance of and levy under the attachment, and by the terms thereof the company had agreed to pay $5,000 to defendant Lehman 10 years after the date thereof if he then be alive, or to his estate if he should die within that time limit. The plaintiff's proof shows that the then value of Lehman's interest under this policy was $500, and he nowhere denies this averment as to value. Hence, it must be taken as true. And, moreover, this policy then had a certain surrender value, provided for by the statutes of this state; and this averment as to value must be read in the light of these statutes, and, as so read, must be taken to mean that the then present surrender value of Lehman's interest under the policy was $500. And, if his then interest was of such value to him, then why not to his attaching creditor? The Code (section 648) says the attachment may be levied upon a cause of action arising upon contract, whether past due or yet to become due. Of course, this does not mean to become due upon the happening of an event which is not measured by a time limit, but means to become due at or within a time as fixed by the contract; and the test in this case is whether a cause of action under the policy would accrue against the company within a certain period as fixed by the policy itself. The policy was to pay $5,000 to Lehman ten years after date if then alive, or to his estate upon his death prior thereto, and the policy had been in full force for more than three years, and had a then surrender value. Under this contract, one of three causes of action against the company must accrue within three years from to-day,— that is, within ten years from the making of the contract of insurance and endowment: First, upon default in payment of premiums, an action to enforce the surrender value of the policy under the statute; second, upon the death before 1899 of the insured, premiums being duly paid, an action to enforce the payment of the life insurance of $5,000; third, at the expiration of the ten-years time limit fixed by the contract, an action to enforce payment of the endowment of $5,000. One of these causes of action on the contract must become due within the time limit fixed thereby. Hence, Lehman's interests thereunder are choses in action, and every chose in action, whether due or certain to become due in the future, is subject of attachment, under section 648 of the Code, and, under subdivision 3 of section 649, is properly levied upon by leaving a copy of the warrant with the person against whom it exists. Thus, it follows that the lien of the levy so made under the attachment reached the defendant's property within the state, and gave jurisdiction, although substituted service of the summons was made without the state. Hence, so much of the order appealed from as denied defendant's motion to vacate the judgment must be affirmed.

However, the record shows that the sheriff has given notice that he will sell the right, title, and interest of Lehman in and to the policy under the execution issued to him by plaintiff under the final judgment entered herein. But this he should not be allowed to do, for section 655 of Code provides that the sheriff must, subject to the direction of the court or judge, collect and receive all debts, effects, and things in action attached by him, and may maintain any action or special proceeding in his own name, or in the name of the defendant, which is necessary for that purpose. The property attached is a chose in action, not subject to levy on execution or to sale by virtue of an execution. Bank v. Dakin, 51 N. Y. 519. Hence, so much of the order appealed from as denies defendant's motion to enjoin sheriff from so selling his right, title, and interest in said policy, is reversed, and his motion, in so far as it seeks to so enjoin the sheriff, is granted. No costs to either party. All concur.