(32 Misc. Rep. 89.)

### AMBERG et al. v. MANHATTAN LIFE INS. CO.

(Supreme Court, Trial Term, New York County. June, 1900.)

**1. INSURANCE—REMEDY OF CREDITORS—ATTACHMENT.**

    The proceeds of a life insurance policy payable to a wife are subject to attachment by her creditors while in the hands of the insurance company after the maturity of the policy by the death of her husband, since then her interest has ripened into a debt owing by the company to her.

**2. SAME—PARTIES.**

    In an action by the sheriff and a judgment creditor against an insurance company to reduce to possession a debt owing by the company to the judgment debtor, which had been attached, the failure to join the judgment debtor as a party to the proceedings is not a ground for dismissal of the action, where made for the first time at the close of the trial, since such objection should have been taken by answer or demurrer.

Action by Louis Amberg and another against the Manhattan Life Insurance Company to reduce to possession a debt previously attached. Judgment for plaintiffs.

Blumensteil & Hirsch, for plaintiffs.
Holmes, Rapallo & Kennedy, for defendant.

McADAM, J. The defendant issued its policy of insurance May 13, 1894, on the life of Emanuel Bourbon, whereby it agreed to pay to his wife, Blanche Bourbon, on May 24, 1899, the sum of $5,000. On August 31, 1899, the plaintiff Amberg commenced an action and procured an attachment against the property of Blanche Bourbon, the beneficiary named in the policy, which attachment was duly levied upon her interest in the policy and the moneys due thereon. On January 5, 1900, judgment was recovered in said action in favor of the plaintiff therein against the said Blanche Bourbon for $23,772.84. The present suit is by the judgment creditor and the sheriff of New York county, in aid of the attachment, to reduce into possession the attached property. Code Civ. Proc. §§ 655, 677; Dunn v. Arkenburgh, 48 App. Div. 518, 62 N. Y. Supp. 861. Upon the conclusion of the trial the defendant moved to dismiss the complaint upon two grounds: (1) That the proceeds of the policy were not liable to attachment; (2) that the recovery of a judgment by the plaintiffs herein, and its payment, would be no protection to the defendant against an action by Blanche Bourbon, the beneficiary named in the policy.

As to the first ground, the court holds that, as the policy had actually matured and become payable before the levy of the attachment, the

defendant at the time of such levy stood as a debtor to the beneficiary, and the funds owing were subject to the attachment levied thereon. Association v. Newkirk (Sup.) 16 N. Y. Supp. 177; Kratzenstein v. Lehman, 18 Misc. Rep. 590, 42 N. Y. Supp. 237, affirmed in 19 Misc. Rep. 600, 44 N. Y. Supp. 360; Bolt v. Keyhoe, 30 Hun, 619, affirmed in 96 N. Y. 646; Crosby v. Stephan, 32 Hun, 478. The defendant insists that the money represented by the policy was exempt from attachment while it remained in its hands, though subject to the payment of her debts after it reached the beneficiary. It is difficult to perceive any logical ground for such a distinction. The right of the beneficiary to the fund being absolute at the time of the attachment, it was her property, subject to her control and transferable by assignment, if she had chosen to make one. Judge Barker, who wrote the opinion of the court in Bolt v. Keyhoe, supra, after reviewing the authorities, said:

"These cases simply decide that a policy of insurance issued to a wife upon the life of her husband is not assignable while he is living, and that her interest in the contract is not such that the same can be seized by her creditors while the contract remains executory. They do not reach or discuss the question whether moneys actually realized on contracts of insurance, after the death of the husband, can be reached by creditors."

The contract of insurance in this instance had ceased to be executory; it had ripened into a debt due and collectible; and no condition could possibly arise that would excuse the insurance company from paying it over to any person authorized by law to receive it. The authorities relied on by the defendant, holding that the interest of a beneficiary in a life policy cannot be attached, are cases where the contracts of insurance were executory, and the policies had not matured. Baron v. Brummer, 100 N. Y. 372, 3 N. E. 474; Stokes v. Ammerman, 121 N. Y. 337, 341, 24 N. E. 819.

The second ground assigned by the defendant for a nonsuit is equally unavailing. The presence of Blanche Bourbon as a party is not necessary to a complete determination of the controversy. Code Civ. Proc. § 452. She may have no desire to be made a party. The defendant certainly made no effort to have her joined as such. The objection, to be available, ought to have been taken by answer or demurrer. O'Brien v. Woolen Co., 50 N. Y. 128, 135; Potter v. Ellice, 48 N. Y. 321. If it had been so taken, the plaintiffs might, and probably would, have obviated the objection by bringing her in. If the beneficiary, or any one on her behalf, had claimed the money, a motion by the defendant to interplead the claimant might have relieved the defendant from further litigation. She herself might have applied to the court to join her as a party if she had desired to be heard. But the propriety of joining or interpleading her as a party was not suggested until the conclusion of the trial, and then only by motion to dismiss for failure to join her. This came too late.

Upon the pleadings and proofs, the plaintiffs are entitled to judgment for $5,308.33.