HORACE K. THURBER, Appellant, *v.* PHILIP BLANCK, Respondent.

HORACE K. THURBER, Appellant, *v.* PHILIP BLANCK et al., Respondents.

It is not competent for a creditor to institute an action in order to make a proper case for issuing an attachment, or to place property in a situation to be subject to that process. The provisions of the Code, in reference to attachments (title 7, chap. 4, §§ 227 to 245), constitute a complete system for collecting debts in the cases and manner therein specified. The mode therein provided must be pursued; and unless property is so situated as to be attachable and convertible, according to these provisions, it cannot be attached.

Debts and choses in action are to be regarded, under the attachment laws, as legal assets, whenever the attachment acts directly upon a legal title; but when they are so situated as to require the exercise of the equitable powers of the court to place them in that situation, they are to be treated as equitable assets only. (GROVER, PECKHAM and FOLGER, JJ., dissenting.)

No authority is conferred to institute actions to reach mere equitable assets, or to bring in other parties for the purpose of attacking transfers of such property as fraudulent; that is the office of a creditor's bill, founded upon a judgment and execution.

Accordingly *held*, that an attaching creditor could not maintain an independent action, in the nature of a creditor's bill, to set aside an alleged fraudulent assignment by the debtor of a bond and mortgage which the sheriff had attempted to attach by leaving with the obligor a certified copy of the attachment, with notice.

Also *held* (GROVER, PECKHAM and FOLGER, JJ., dissenting), that the sheriff had no authority to bring an action against the assignee for that purpose, and to subject the bond and mortgage to the operation of the attachment.

(Argued June 10, 1872; decided November 12, 1872.)

APPEAL from an order of the General Term of the Supreme Court in the first judicial department, affirming three Special Term orders, to wit : An order setting aside the judgment in the first above entitled action ; an order, in the second action, setting aside an order appointing a receiver of a certain bond and mortgage, and an order dismissing the complaint in the second action.

The first action was brought upon a Wisconsin judgment, and an attachment was issued thereon against defendant as a non-resident. He formerly resided in this State and owned a house and lot in New York city. This he sold, receiving a bond and mortgage thereon for a portion of the purchase-price. These he assigned to one Peter Cook, who, on the same day, assigned them to Sophia Blanck, defendant's wife, and immediately thereafter defendant and wife left the State. It was claimed by plaintiff that the assignments were without consideration, and made with intent to defraud defendant's creditors.

By virtue of the attachment the sheriff attempted to levy upon the bond and mortgage by serving certified copies upon the obligors and mortgagors, with notice indicating the purpose to attach the same.

The summons in the action was served by publication, and on the 31st March, 1870, judgment was perfected therein against the defendant and execution issued thereon.

Thereupon plaintiff commenced the second action against Blanck, his wife, Cook, the mortgagors and others to set aside the alleged fraudulent assignment of said bond and mortgage, and to subject the mortgage to the lien of the attachment, and apply the same to the payment of this judgment, the said Philip Blanck and Sophia Blanck both still continuing non-residents of this State. Plaintiff obtained an *ex parte* order appointing a receiver of the bond and mortgage.

*Nelson Smith* for ·the appellant.· The assignment of the bond and mortgage being fraudulent was void, and they were liable to be attached the same as though the assignment was never made. (2 R. S., .5th ed., 224, § 1; *Rinckey* v. *Stryker*, 31 N. Y., 140; *Thayer* v. *Willet*, 9 Abb., 325; *Schussel* v. *Willet*, 12 id., 397; *Lawrence* v. *Bank of Republic*, 35 N. Y., 321.) The levy of the attachment was properly made, and by it plaintiff acquired a specific lien upon the bond and mortgage. (*Heye* v. *Bolles*, 2 Daly, 231; 35 N. Y., 320; 31 id., 140.) The subsequent judgment perfected his right to such lien, and entitled him to maintain, an action to enforce it. (*Falconer* v. *Freeman*, 4 Sand. Ch., 565; *Heye* v. *Bolles*, 2 Daly, 231.) By the levy the property was kept as security for the judgment. (§ 227 of the Code; *Greenleaf* v. *Mumford*, 19 Abb., 469; *Rinckey* v. *Stryker*, 26 How. Pr., 75; S. C., 31 N. Y., 140; *Skinner* v. *Stuart*, 13 Abb. Pr., 442; *Heye* v. *Bolles*, 2 Daly, 231.) This and the fact that plaintiff's right was obstructed by the fraudulent assignment, entitled him to the relief sought in the second action. (*Heye* v. *Bolles*, 2 Daly, 231; *McElwain* v. *Willis*, 9 Wend., 561, 567; *Chatauque Co. Bank* v. *White*, 2 Seld., 552; *Beck* v. *Berdet*, 1 Paige, 305; *Crippen* v. *Hudson*, 3 Kern., 166.) The receiver was properly appointed. (*Lawrence* v. *G. F. Ins. Co.*, 1 Paige, 587; *Postman* v. *Mills*, 8 London Jur. [N. S.], 161; *Padmore* v. *Gunning*, 7 Simons, 485; 1 Barb. Ch., 664; 1 Hop. Ch., 429; 3 J. Ch., 48; *Ichings* v. *Breiven*, 4 Sand. Ch., 417; *People* v. *Norton*, 1 Paige, 17; *Gibbons* v. *Manwaring*, 9 Simons, 77; *Holmes* v. *Bell*, 2 Beavan, 298; Burnett on Receivers, 3; *Tarfield* v. *Irvine*, 2 Russell, 199.)

*Benjamin A. Willis* for the respondents. The statute giving jurisdiction as to non-residents must be strictly complied with as to every requirement in order to confer jurisdiction. (*Wallett* v. *Righters*, 13 How., 43; *Wortman* v. *Wortman*, 17 Abb., 66; *Cook* v. *Fearren*, 34 Barb., 95.) An order for publication and all proceedings thereupon are nullities, unless the case is, in fact, with section 135. (*Fisk* v. *Anderson*, 33

Barb., 71; *Peck* v. *Cook*, 41 Barb., 549.) An attachment can only operate upon the right of a debtor existing at the time it was made. (Drake on Attachment, § 458; *Marvel* v. *Whitman*, 19 Ala., 135, and other cited cases.) The bond and mortgage cannot be separated from the mortgage debt. (*Jackson* v. *Willard*, 4 John., 41; *Blanchard* v. *Colborn & Cox*, 11 Mars., 146; *Purdy* v. *Huntingdon*, 42 N. Y., 346.) To authorize the appointment of a receiver, apparent title to the property must appear; it must be subject to the action, and in danger; these are all wanting here. (*Lloyd* v. *Passingham*, 19 Vesey, 59; *Mordaunt* v. *Hooker*, 1 Amb., 311; *Earl of Fingal* v. *Blake*, 2 Molloy, 50; *Smith* v. *Smith*, 2 Younge & Collyer, 357; 1 Van Santford, Equity Pr., 293; *Brooks* v. *Stone*, 11 Abb., 220; *Hamilton* v. *A. & T. Co.*, 3 id., 255; 7 Simmons, 485; 1 Barb. Ch., 664; 1 Hopkins, 429; 3 John. Ch., 48; *Kemp* v. *Harding*, 4 How., 178.) The second action cannot be sustained as a creditor's bill, as it appears the legal remedy is not exhausted. (*Brooks* v. *Stone*, 11 Abb. 210; *Mills* v. *Block*, 30 Barb., 549.)

CHURCH, Ch. J. This court, in *Rinchey* v. *Stryker*, reported in 26 How. Pr. R., 75, decided that a sheriff holding an attachment had a right to seize personal chattels which had been disposed of by the debtor with intent to defraud creditors, and that when prosecuted by the claimant, that the sheriff may show before judgment in the attachment suit that the title of the purchaser was fraudulent and void against the attaching creditor, and that such creditor is not regarded as a creditor at large, but one having a specific lien upon the property attached. In *Lawrence* v. *The Bank of the Republic* (35 N. Y., 320), it was held that the proceeds deposited in a bank of property fraudulently assigned in the name of the fraudulent assignee, could not be attached as a debt due the assignor, and that the sheriff could not bring an action under the Code to recover such deposit or subject it to the attachment. In the Supreme Court the decisions upon this subject have been very conflicting. In *Mechanics' & Traders' Bank* v. *Dakin*

(33 How., 316), which was precisely such a case as this, it was held that although the creditor could not maintain an action to remove the fraudulent obstruction, the sheriff could bring an action to collect the bond and mortgage, and implead the fraudulent assignee. This decision was made after the decision in 35 N. Y., (*supra*), and in *Greenleaf* v. *Mumford* (50 Barb., 543), SUTHERLAND, J., expressed his surprise that the learned judge who delivered the opinion in 33 How. (*supra*), should have expressed his approval of the decision in the case of *Lawrence* v. *Bank of the Republic*, in the Court of Appeals, claiming that the latter decision was in conflict with that opinion, and other cases exhibit a similar diversity of opinion among learned judges who have had occasion to examine the questions presented on this subject. I do not deem it necessary to review these authorities, although many of the opinions are elaborate and able.

By the Code, the warrant of attachment requires the sheriff to attach so much of the real and personal estate of the debtor, including debts, credits and effects, as will be sufficient to satisfy the plaintiff's demand with costs, and subject to the direction of the court or judge, to collect and receive into his possession all debts, credits and effects of the defendant, and for that purpose may take such legal proceedings as may be necessary. (§§ 231, 232.) The attachment, if levied upon debts or other property incapable of manual delivery, is to be executed by leaving a certified copy of the attachment with the debtor or individual holding such property, with a notice of the property levied upon. (§ 235.) § 237, sub. 4, provides that until the judgment is paid, the sheriff " may proceed to collect the notes and other evidences of debt, and the debts that may have been seized or attached," and § 238 authorizes the plaintiff to prosecute any actions which the sheriff may prosecute upon giving the undertaking provided by that section.

It is very clear that the action commenced by the plaintiff in the nature of a creditor's bill cannot be sustained, and that the orders made in that action must be affirmed. The provisions of the Code constitute a complete system for collecting

debts in the cases and manner therein specified. The mode therein provided must be pursued, and unless property is so situated as to be attachable and convertible according to these provisions, it cannot be attached at all. It is not competent to institute another action to make a proper case for issuing an attachment, or to place property in a situation to be subject to this process. The plaintiff can only bring such actions as the sheriff is authorized to bring by § 238.

The theory of the plaintiff is that the execution of the attachment created a lien upon the bond and mortgage in question, and the equitable action was necessary and proper to set aside the alleged fraudulent assignment.

This action not being authorized by the provisions of the Code referred to, but being an independent action, is in direct conflict with the rule that a creditor has no standing in court to reach equitable assets, until his remedy at law is exhausted, nor to attack a fraudulent transfer of the property of his debtor until after judgment.

One of the grounds for an attachment is a fraudulent transfer of property, and if the plaintiff's position is correct, a creditor at large could always institute an action in the nature of a creditor's bill by first procuring and levying an attachment upon such property.

The attachment laws were intended for no such purpose. Property, whether real or personal, which can be reached according to those laws, can also be converted and applied in payment of any judgment obtained in the action.

The more serious question relates to the first action in which the attachment was issued. The ground for commencing the action and for issuing the attachment was that the defendant was a non-resident, and had property within this State. The bond and mortgage was claimed to be levied upon by virtue of the attachment, by leaving a copy with the debtor and serving the required notice.

They had before been assigned, as alleged, faudulently, to one Cook, and by him to the defendant's wife. The question is whether the attachment laws authorize the sheriff to bring

an action against the assignee, for the purpose of setting aside the assignment for fraud, and subjecting the bond and mortgage to the operation of the attachment and the payment of the plaintiff's debt. I have arrived at the conclusion, with some hesitation, that the sheriff is not authorized to maintain such an action. The authority conferred by § 232 was designed to enable the sheriff to recover possession of the debt and effects of the debtor, and to institute such actions only as might be commenced in the name of the defendant. If such authority exists, it is contained in sub. 4 of § 237, which provides that, until the judgment be paid, the sheriff may proceed to *collect* the notes, etc.

While the language employed contains an implied authority to adopt legal measures, it in terms limits the power to the *collection* of the debts and demands. It confers no authority to institute actions to reach mere equitable assets, or to bring in other parties for the purpose of attacking transfers of such property as fraudulent. That is the office of a creditor's bill, founded upon a judgment and execution. In the case of personal chattels, the sheriff seizes the property and takes it into his possession, and renders himself liable to an action by the claimant. He acquires by such seizure a specific lien, and this court has held that the creditor may defend the lien obtained by the attachment and levy, and thus litigate the title of the claimant to the property. This decision does not violate the general rule, that none but judgment creditors can attack a fraudulent transfer, but recognizes the exception in favor of those who have specific liens upon the property. (*Van Heusen* v. *Radcliff*, 17 N. Y., 580; *Noble* v. *Holmes*, 5 Hill, 194; *Van Etten* v. *Hurst*, 6 Hill, 311.)

In the case of choses in action and debts, the lien is constructive and cannot operate through an intermediate legal title. That title to the bond and mortgage was in a third person, and the property itself was not and could not be interfered with. At law no debt was owing to the defendant, and there was nothing for the attachment to operate upon. Such a lien can only be created upon legal rights, and not mere

equitable interests. Debts and choses in action are to be regarded as legal assets under the attachment laws, whenever that process acts directly upon the legal title, but whenever they are so situated as to require the exercise of the equitable powers of the court to place them in that situation, they must be treated as they always were, as equitable assets only. Any other rule would transform these laws into a substitute for creditors' bills, and produce great confusion and inequalities among creditors, a result not warranted by the provisions, and which, I am persuaded, was never designed. (19 Ala., 139.) To reach the title of a bond and mortgage, an affirmative action in equity was necessary to set aside the assignment which prevented the lien of the attachment from taking effect. Neither the sheriff nor the plaintiff is authorized to bring such an action under the attachment laws. Such a right of action cannot be attached. Until a judicial determination removing the obstruction, no lien could be created. I think the case falls within the principle decided in *Lawrence* v. *The Bank of the Republic.* There the property had been converted into money, requiring an equitable action to reach. Here a legal title has been interposed, requiring a like authority to remove. The transfer was void as to creditors, if made fraudulently, but only as to such creditors as are in a position to assail it. It follows that the order must be affirmed.

All concur, as to first point discussed.

As to second point, ALLEN, RAPALLO and ANDREWS, JJ., concur. GROVER, PECKHAM and FOLGER, JJ., dissent.

Order affirmed.