# SUPREME COURT.

JOHN KELLY, late sheriff, *et al.*, agt. JOHN N. WHITING and others.

*Attachment under the Code — conflicting claims — action by sheriff.*

Where an attachment under the Code, was served upon a person, who held, as trustee, moneys and property, in which several persons, including *the defendant in the attachment suit,* were interested as beneficiaries, the proceedings under the attachment presented no legal obstacle to an adjustment by the trustee of the claims of the beneficiaries, and payment over and delivery of the property to the parties entitled thereto, although such disposition should *terminate all claim of the defendant in the attachment suit thereto.*

Whether the provisions of the Code authorize an action by the sheriff to reach the unadjusted interest of a beneficiary, under a deed of trust, which will involve the determination of conflicting claims and liens, and which must be disposed of before it can be ascertained whether the defendant has an interest, *questioned.*

*New York Special Term.*

*Levi S. Chatfield,* for plaintiff.

*John Hubbell,* for defendant.

VAN VORST, *J.* — At the time the warrant of attachment, in the action of *Wright* agt. *Billings,* is claimed by the plaintiff to have been served upon the defendant Whiting, he held in his hands certain moneys, the proceeds of the sale of certain letters patent and inventions for the treatment and preparation of hemp and flax.

He held these moneys as a trustee, expressly constituted such by the parties interested in the patents and the moneys, of whom Billings, the defendant in the suit in which the attachment was issued, was one.

It was the duty of the trustee, after deducting all expenses and charges enumerated in the trust deed, to eventually distribute the balance among the beneficiaries, according to their respective shares and interests therein. These shares were not identical in amount or character, but existed in different, and to some extent, conflicting interests.

Some of the beneficiaries claimed also to have a lien on the share of Billings, for advances made to and for him, and in regard to the subject-matter of the patents, and for which it was claimed his interest was legally and equitably chargeable.

The defendant Whiting, the trustee, had been notified, in writing, of such liens and claims before the attachment was served upon him.

The defendant Whiting, being threatened with suits growing out of a misunderstanding between the parties in respect to the extent of their claims upon the money, commenced an action in this court, in the nature of a suit of interpleader. That action was commenced in the year 1865, nearly two years previous to the issuing of the attachment in the action of *Wright* agt. *Billings*, and was pending at the time the defendant Whiting was served with the attachment. To that action all the beneficiaries and claimants to the fund were made parties defendant. The claims of each were stated, and it was demanded in the action that the trustee, Whiting, might pay over and distribute the money and shares of stock he held to and among the respective parties, according as their rights might be determined by the court. The interpleader suit was friendly, and in the year 1869 discontinued, and, by the agreement of all the beneficiaries, the moneys in the hands of the trustee were distributed among and paid over to them.

The claim against Billings, in favor of the other beneficiaries, absorbed all his interest, so that he received no money. It was then clearly understood and agreed what the interest and claim of each was, and the money was distributed

among the beneficiaries on such basis. This distribution was made by the defendant Whiting some two years after the service of the notice of attachment.

There is some contention between the parties as to whether or not any notice was served upon the defendant Whiting, with the copy of the attachment. The defendant Whiting denies the receipt of any such notice, or any demand upon him for a certificate under section 235 of the Code. The only evidence in favor of such service is the recollection of the deputy sheriff that he served such notice. Upon the warrant introduced in evidence there is no notice indorsed, nor is there any proof or certificate annexed of such service.

But the disposition of this case does not depend upon the fact whether or not a service of such notice was made. This action was brought by the sheriff against the defendant Whiting, the trustee, with whom is joined, as parties defendant, all the beneficiaries and persons interested in the trust and in the moneys and property distributed thereunder.

In his complaint the plaintiff alleges that the defendants, at the time of the service of the attachment or prior or subsequent thereto, made and asserted a claim of divers amounts upon the moneys and shares of stock in the hands of the defendant Whiting, by virtue of a pretended lien thereon prior to that acquired by the attachment, and that by virtue thereof the defendant Whiting had paid over to the other defendants the amounts of their several claims, or retained the same to himself, to the exhaustion of the funds and property, claiming that he had a right so to do.

The plaintiff claims that the distribution of the funds and stock so made was wrongful and in fraud of the plaintiff's rights acquired by virtue of his attachment. The plaintiff asks that the lien acquired by his attachment may be enforced, and that his lien be adjudged prior and superior to that of the defendants, and that the defendant Whiting be adjudged and decreed to pay to the plaintiff the amount of the judgment recovered in the action of *Wright* agt. *Billings*,

in which the attachment was issued, and that the other defendants be adjudged severally to pay over to the plaintiff the amounts received by them in money or stock. Under section 232 of the Code the sheriff is authorized, subject to the direction of the court, to collect and receive into his possession all debts, credits and effects of the defendant, and may take such legal proceedings, either in his own name or in the name of the defendant in the attachment, as may be necessary.

It may be considered that the terms "debts, credits and effects" have reasonable certainty, and imply that the amount and character of the same could be readily determined, so as to be capable, at least, of being inventoried and returned by the sheriff; and it is, perhaps, doubtful whether the provisions of the Code authorize an action to reach the interest of a beneficiary under a deed of trust, which involves the investigation and determination of conflicting claims and liens, which must be disposed of before it can be ascertained whether the defendant has a substantial interest (*Thurber* agt. *Blank*, 50 *N. Y.*, 80).

However that may be, the evidence establishes that the liens and claims in favor of Mrs. Lowber and other beneficiaries, defendants in this action, on the shares of Billings, equitable and legal, attached to the fund in the hands of the trustee anterior to the service of the attachment, and were in amount sufficient to exhaust the whole interest therein of the defendant Billings.

The proceedings under the attachment presented no legal obstacle to the adjustment by the trustee of the affairs of the trust and to the allowance of the claims and the payment of the fund to the parties truly interested.

As far as the stock is concerned, the evidence is that it was worthless, and that the defendants have incurred no liability to the plaintiff in respect thereto.

The plaintiff's complaint should be dismissed, with costs.