WILLIAM C. CONNER, AS SHERIFF, ETC., RESPONDENT, v. ALBERT WEBER, APPELLANT.

WEALTHIE P. CRAIG, RESPONDENT, v. ALBERT WEBER, APPELLANT.

*Interpleader — when not allowed — Attachment — what actions maintainable by sheriff under.*

One Weber entered into a contract with one Pattison, by which the former became bound to pay to W. P. Craig the sum of $1,600, and on December, 1876, Craig brought an action against Weber to recover it. On July 31, 1876, in an action against Pattison, brought by one Van Dyck, an attachment was issued to the sheriff, who served it upon Weber, and demanded the moneys due thereunder, and, in January, 1877, he commenced an action to recover the same. Craig having brought an action against Weber to recover the same money, Weber, admitting that the money was due under the contract, applies for permission to pay it into court, and have Craig substituted in his place, as defendant in the action brought by the sheriff.

*Held,* that the motion was properly denied; that under the case of *Thurber* v. *Blanck* (50 N. Y., 80), the sheriff could not maintain his action against Weber to reach the equitable interests which it was claimed Pattison had in the money.

That Van Dyck could only reach the money, to which the legal title under the contract was in Craig, by establishing, in an action brought after the return of an execution unsatisfied, that it belonged in equity to Pattison, and that the legal title was transferred to Craig in fraud of the latter's creditors.

APPEAL from an order of the Special Term, denying a motion on the part of the appellant, Weber, for an interpleader.

On or about April 10, 1876, the defendant Weber entered into a contract with J. N. Pattison, whereby he agreed to pay Wealthie P. Craig $3,600 for said Pattison's services as pianist at the centen-

nial exhibition of 1876, at Philadelphia, Pennsylvania, for six months, from May 10, 1876, to November 10, 1876.

There was due Mrs. Craig on October 10, 1876, $500, and on November 10, 1876, $1,100, under said contract, which said Weber refused to pay. On or about July 31, 1876, one Herbert Van Dyke commenced an action against said Pattison, on an alleged claim for services, to recover about $850, and procured an attachment to be issued therein against certain moneys in the defendant Weber's hands, claiming that said moneys belonged to said Pattison. This action is still pending and undetermined.

On December 16, 1876, the said Mrs. Craig brought an action against said Weber to recover said $1,600 and interest, being the balance due her under said contract. Subsequently, and on or about January 22, 1877, the sheriff commenced an action against Weber, under his attachment, to recover the same money. On the next day Weber procured an order directing Wealthie P. Craig to show cause, at a Special Term of the Supreme Court, to be held at the county court-house in New York city, on February 1, 1877, why she should not be substituted as defendant in place of Weber in the above-entitled action.

The motion came on for argument, and the justice made an order denying the motion to substitute.

*Vanderpoel, Green & Cuming,* for the appellant. The order is appealable and should be reversed. The proceeding is taken under section 122 of the Code of Procedure, and is a remedy concurrent with the action of interpleader. (*McKay* v. *Draper*, 27 N. Y., 256 (260); *Patterson* v. *Perry*, 6 Duer., 686; *Vosburgh* v. *Huntington*, 15 Abb., 254.) An appeal could have been taken, of course, had the remedy selected been the action of interpleader, and as the right to relief in either case springs from substantially the same state of facts, the right of an appeal applicable to the one is equally appli cable to the other, unless taken away by law, which the Code has not done. (*Wilson* v. *Duncan*, 11 Abb. Pr., 3; *In re Duff*, 10 Abb. [N. S.], 416; *People* v. *N. Y. C. R. R. Co.*, 29 N. Y., 418; *Cent. Nat. Bank* v. *Clark*, 2 J. & S., 496.) The courts have always held that the right to the remedy of interpleader depends upon the fact that the party claiming the right is the mere holder

of a stake which is equally contested by other parties, and as to which the moving party stands wholly indifferent; and that when the respective rights of the claimants are settled nothing further remains in controversy. (*Wakeman* v. *Dickey*, 19 Abb., 24; *New York and N. H. R. R. Co.* v. *Schuyler*, 1 id.; 417; *Schuyler* v. *Hargous*, 3 Rob., 673; *Lincoln* v. *Rutland and B. R. R. Co.*, 24 Vt., 639.) The defendant Weber is ignorant of the rights of the different claimants, and he cannot safely pay the fund to either. (*Mohawk and Hudson R. R. Co.* v. *Clute*, 4 Paige, 384; *Shaw* v. *Coster*, 8 id., 339; *Wilson* v. *Duncan*, 11 Abb. Pr., 3.) The claims of the adverse parties are identical. They are also conflicting. Each seeks to recover from the defendant the same $1,600 which Weber admits he holds, and is willing to pay to the party entitled to it. (*Mayor of N. Y.* v. *Flagg*, 6 Abb., 296; *Mohawk and Hudson R. R. Co.* v. *Clute*, 4 Paige, 384.) The property claimed is definite and certain in its character. It is the $1,600 in Weber's hands. (*Lincoln* v. *Rutland and B. R. R. Co.*, 24 Vt., 639; *Cady* v. *Potter*, 55 Barb., 463.) Weber is in possession of the property in dispute, and thus able to obey any order of the court as to its disposition. (*Vosburgh* v. *Huntington*, 15 Abb., 254.) Under circumstances such as these it is the invariable rule, under every system of practice, whether at common law, in equity, or under the Code, to allow the person occupying the position of a mere stakeholder to deposit in court the money or thing claimed, in order to protect him from being compelled to deliver or pay it to both claimants, and to relieve him from the vexation attending upon the suits instituted against him. (*Crawshay* v. *Thornton*, 2 M. & C., 19; *Langston* v. *Boylston*, 2 Ves., Jr., 109; *Bedell* v. *Hoffman*, 2 Paige, 199; *Atkinson* v. *Manks*, 1 Cow., 691; *Shaw* v. *Coster*, 8 Paige, 339; *Trigg* v. *Hitz*, 17 Abb., 436; *Johnston* v. *Lewis*, 4 id. [N. S.], 150.)

*B. E. Valentine*, for the respondent Conner.

*Paul Fuller*, for the respondent Craig.

DAVIS, P. J.:

The appellant Weber, admits his indebtedness upon a contract made between himself and one Pattison in the sum of $1,600,

which sum was payable by the terms of the contract to the respondent Wealthie P. Craig. The legal title to the money, payable under the contract, was therefore plainly in Mrs. Craig. On the 16th of December, 1876, Mrs. Craig brought her action against Weber in this court upon said contract to recover said sum, being the balance alleged to be due her under the contract. In an action brought by one Van Dyck against Pattison for the sum of about $850, on the 31st of July, 1876, an attachment was issued and delivered to Sheriff Conner, and he thereafter served the attachment by delivering and leaving with the appellant Weber a certified copy thereof, and demanding of him the moneys owing upon the above-mentioned contract, and he left also with said Weber a notice specifying that he levied upon the moneys payable under said contract.

No judgment has yet been recovered in the action of Van Dyck against Pattison. About the 1st of January, 1877, the sheriff, Conner, commenced an action against the appellant Weber, based upon the attachment above mentioned, to recover the moneys due under said contract. Afterwards, and about the twenty-second of January, Weber made his motion, in substance, based upon the proceedings in both actions against him, for an order substituting Mrs. Craig as defendant in the action of Conner against him, and for such other or further relief as to the court should seem just and proper, and in the meanwhile staying all proceedings in both actions.

The court denied the motion. There is nothing to show upon what particular grounds the motion was denied at Special Term, but it seems to us quite apparent that, under the authority of *Thurber* v. *Blanck* (50 N. Y., 80), the sheriff cannot maintain his action against Weber. The attachment was levied upon equitable assets only. The legal title to the moneys payable under the contract was very clearly in Mrs. Craig and not in Pattison. Pattison could not himself maintain an action upon the contract to recover such moneys, and the only way in which Van Dyck can reach the same and apply them upon his judgment against Pattison will be by establishing, after the return of an execution upon his judgment, that the money in equity belongs to Pattison, and that the legal title is held by Mrs. Craig in fraud of Pattison's creditors.

Neither the sheriff nor Van Dyck can bring a direct action against Weber to recover such indebtedness, by virtue merely of the attachment, nor before the return of an execution upon any judgment that may be recovered in the action of Van Dyck against Pattison.

We regard the case of *Thurber* v. *Blanck* as decisive of these questions. That decision is in direct conflict with the decision of the Commission of Appeals in *Mechanics and Traders' Bank* v. *Dakin* (51 N. Y., 519), but we are constrained to follow the decision in *Thurber* v. *Blanck*, without regard to our opinion as to which of those decisions is the better law. It would not therefore, we think, have been proper for the court below to have ordered the moneys owing by Weber to be paid into court in the action brought by the sheriff, and that Mrs. Craig be substituted as a party defendant in that action; nor to have directed the moneys to be paid into court in Mrs. Craig's action, and that the sheriff be substituted as defendant therein, because, in neither case, according to the rule laid down by the Court of Appeals, can the sheriff contest or defend against Mrs. Craig's claim to the money.

If, however, any order had been made, it should have been that the money be paid into court in the action brought by Mrs. Craig against the appellant Weber; first, because her action was first commenced and covers the entire claim, while the sheriff's action, afterwards commenced, is based upon an attachment for an indebtedness amounting to little more than one-half of the claim; second, because the legal title of the moneys is clearly in Mrs. Craig, and if any contest can be made by the sheriff over such title under the attachment in his hands, issued in a suit which has not ripened into judgment, it ought to be made in her suit rather than the one brought by the sheriff. We think, however, that under the case of *Thurber* v. *Blanck*, above cited, the motion was properly disposed of by the court below, and the order should be affirmed, with costs.

DANIELS, J.:

According to the doctrine of the case of *Thurber* v. *Blanck* (50 N. Y., 80), the validity of the claim made by the plaintiff Craig to the debt cannot be tried or determined in the action brought by the sheriff. For that reason the denial of the application made was **a**

proper exercise of judicial discretion, and as the order involved the exercise of such discretion, according to the language of section 122 of the Code of Procedure, it should be affirmed. I concur for these reasons.

BRADY J., concurred.

Orders affirmed, with costs.