JOHN G. SMITH AND OTHERS, PLAINTIFFS AND RESPONDENTS, *v.* JONATHAN LONGMIRE AND OTHERS, DEFENDANTS, WILLIAM TAYLOR AND ANOTHER, APPELLANTS.

*Attachment — choses in action in the hands of a fraudulent assignee for the benefit of creditors are not subject to.*

Choses in action in the hands of an assignee for the benefit of creditors cannot be levied upon under an attachment issued in an action brought against the assignor by one of his creditors, even though the assignment was made to defraud the assignor's creditors.

APPEAL from an order made at Special Term denying a motion made by William Taylor & Co., attaching creditors, for a reference

to determine the priorities of the liens upon the funds in the hands of the receiver appointed by the decree in this action.

*William Blaikie*, for Taylor and Brandon, appellants.

*J. J. Adams*, for the plaintiffs and respondents.

*Adolph Ascher*, for William H. Ricketts, Receiver.

DAVIS, P. J.:

The plaintiffs were judgment creditors of the defendant Longmire, and as such brought this action to set aside an assignment for the benefit of creditors made by Longmire to the defendant Pinkney. Upon the trial of the case a decree was made setting aside the assignment as fraudulent, and appointing a receiver and directing the assignee to turn over the property and the proceeds thereof to such receiver. The assignment to Pinkney was made on the 28th of November, 1879, at or about which time Pinkney took possession of the assigned property. On the ninth of December following, Taylor & Co. commenced an action against Longmire upon an indebtedness to them, and at the same time issued an attachment against the property of Longmire, and on or about that day the attachment was levied by the sheriff upon the books of account, documents, papers, credits and effects of Longmire; and a copy of the warrant with the notice required by law was delivered to Pinkney, the assignee of Longmire. Subsequently the plaintiffs, Smith and others, recovered judgment against Longmire, and after execution returned *nulla bona*, and in March, 1880, filed their bill against Longmire and the assignee in this action, and obtained a judgment declaring said assignment fraudulent, and vacating and setting the same aside and appointing a receiver as before stated.

The question presented by this case is whether Taylor & Co., as attaching creditors of Longmire, acquired any lien upon or interest in the choses in action, in the hands of the assignee of Longmire, by virtue of their attachment. There was, formerly, upon this question, much conflict of opinion in the courts, and, if the question had not been authoritatively disposed of, we should have been strongly inclined to consider the able argument of the learned

counsel for the appellant as satisfactorily establishing the lien of the attaching creditor. This question was before the Court of Appeals in *Thurber* v. *Blanck* (50 N. Y., 80), which court held, in effect, that choses of a debtor in the hands of his assignee, under an assignment for the benefit of creditors, could not be attached so as to establish an enforcible lien against the same. That decision was in direct conflict with the decision of the Commission of Appeals in *The Mechanics and Traders' Bank* v. *Dakin* (51 N. Y., 519). In that case, on its second appeal (8 Hun, 431), this court had occasion to consider which of these decisions was the controlling law, and it was held that, even in that particular case, this court was bound to consider the rule laid down in *Thurber* v. *Blanck* as the controlling one. The decision in *Thurber* v. *Blanck* was substantially reiterated in *Lynch* v. *Crary* (52 N. Y., 183), and is now, undoubtedly, the law of this State.

The principle upon which the rule of these authorities rests, is that by such an assignment the legal title vests in the assignee, and that the interposition of such legal title prevents the acquirement of a lien in favor of creditors by attachment or execution against the assignor and that no lien can be created except by a judicial determination removing the obstruction, which determination can only be obtained by such creditors as are in position to assail the validity of the assignment.

With the law thus settled, we are unable to see that the appellants in this case acquired by their attachment any lien upon the choses in action which, or their proceeds, are in the hands of the receiver. Having no lien, they are not entitled to a reference to ascertain any question of priority as between themselves and the respondents.

The order of the court below was, therefore, right, and should be affirmed, with ten dollars costs and disbursements.

Brady, J., concurred in the result.

Present — Davis, P. J., and Brady, J.

Order affirmed, with ten dollars costs and disbursements.