SETH M. MILLIKEN AND OTHERS, RESPONDENTS, *v.* JOSEPH DART, APPELLANT, IMPLEADED WITH JOHN A. SWEZEY.

FRANCIS W. WILLIAMS AND OTHERS, RESPONDENTS, *v.* THE SAME.

*General assignment— the fact that it is invalid as against creditors does not author-ize an attachment to issue under section 636 of the Code of Civil Procedure — Trade-mark.*

The fact that a general assignment is rendered invalid as to the creditors of the assignor, by the insertion therein of provisions authorizing the assignee to compromise with the debtors and to sell on credit, does not of itself show that the assignor has assigned, disposed of or secreted his property with the intent to defraud his creditors, within the meaning of section 636 of the Code of Civil Procedure, authorizing the issuing of an attachment.

*Quære,* as to whether a trade-mark will pass under a general assignment, or is the subject of attachment or of levy under an execution.

APPEALS from orders denying separate motions to vacate and set aside warrants of attachment granted in each of the above cases.

The questions involved in both cases are the same. The warrants were granted subsequently to the making, delivery and recording of a general assignment for creditors by and in behalf of the defendant and his co-partner, and were levied upon the property so assigned.

The facts stated in the plaintiffs' affidavit in each case are the same. They allege that the defendants are indebted to them *ex contractu,* and aver that the defendant Dart and his co-partner, by the firm name of Swezey & Dart, made the assignment for creditors before referred to ; that by such instrument the defendants had " assigned and disposed of their property with intent to defraud their creditors ;" and that the same is fraudulent and void, because it authorizes the assignee in his discretion to compromise and compound with debtors to the assigned estate and to sell the assigned property on credit.

A further ground of attachment *aliunde* the assignment itself, but alleged to render it void, is stated by the plaintiffs to be, that since the assignment was executed and filed the defendant Dart has become the manager of a corporation, and that as such manager he is using a trade-mark which he formerly used in the business of Swezey & Dart.

*Wm. Stanley,* for the appellant.

*J. J. Adams,* for the respondents.

DAVIS, P. J.:

In the first of the above entitled appeals the motion to vacate the attachment was made at chambers, before the judge who granted the same, and the motion was denied. The reasons for denying the same, assigned by the learned judge in his memorandum, are as follows :

" The assignment gives the assignee power to compromise all claims in words; and also to sell on credit by giving power to execute bills of sale on terms other than money, and is within the cases making such powers avoid the assignment."

In the second case the motion was made at chambers held by another justice, and he refused to hear the motion upon the merits, upon the ground that the question had been disposed of by the former Special Term.

The attachments were granted upon affidavits showing that the defendants' in the action had made and executed a general assignment to one John A. Bagley, for the benefit of their creditors, of all their property as co-partners, and that in the same instrument, the defendant Dart had assigned all his individual property for the same purpose. It is neither claimed nor shown that the assignment was made, either by the firm or by Dart, with any actual or personal intent to defraud their or his creditors, but that the assignment itself under the authorities is invalid and void as against creditors, because it contains some provisions alleged to be not authorized by law. There is no doubt about the validity of the assignment as between the assignors and the assignee; but the first question to be considered is, whether the making of such an assignment, which carries to the assignee the title to the whole of the property of the assignors as against the latter, is alone sufficient evidence under the provisions of section 636 of the Code of Civil Procedure, to show that the assignors have assigned, disposed of, or secreted their property with intent to defraud their creditors. This depends upon the construction to be given to the language of the section which, amongst other things, provides that a warrant of attachment may be issued when it is shown to the satisfaction of the judge granting the same, that the defendant has assigned, disposed of or secreted his property with intent to defraud his creditors. The only evidence of intent in this case is that to be inferred from the supposed fact that the assignment, a copy of which was annexed to the affidavit, contains provisions upon which the court would adjudge it invalid as against creditors.

We think the Code requires an actual, personal intent to defraud, and the manifestation of that intent in a different form than the mere execution, in good faith, of an assignment which transfers all the property of the debtor to an assignee for the benefit of creditors; and that the intent to defraud is not sufficiently shown by the mere fact that such assignment contains some invalid provision of which the creditors may take advantage to defeat it. The making of an

assignment may, of course, in some cases be a portion of the evi-
dence of the intent to defraud, or a part of the scheme carried out
by the debtor with that design ; but there must be something more
to establish the intent required by the Code, where the assignment
is made in good faith, and without any actual intent to defraud,
than the mere fact that an invalid provision is contained in the
assignment. Where there is nothing in the case but that fact, an
attachment, if granted, cannot be upheld.

It has been settled by the Court of Appeals in *Thurber* v. *Blanck*
(50 N. Y., 80), and by this court in *Smith* v. *Longmire* (24 Hun,
257), that an attachment cannot be levied on property in the hands
of an assignee under a general assignment of all the property of
the debtor, notwithstanding the assignment is fraudulent in law.

In this case it was satisfactorily shown by the appellant that no
intent to defraud, in fact, existed. Sweezey, one of the members
of the firm, had committed forgeries to a large amount and fled the
country. His criminal conduct had rendered it necessary that steps
should be taken by the other partner to protect the creditors of the
firm, and his own creditors, from the consequences of the abscond-
ing debtor's crime, and with that view alone he executed the
assignment prepared by counsel, which contains the provisions
supposed to render it void. There is nothing in the provisions of
the Code which authorizes an attachment upon that condition of
things alone. We think, upon this ground, the motion to vacate
the attachment should have been granted.

Another ground for sustaining the attachment is urged here,
which does not seem to have been considered by the court below.
That is, in substance, that the defendant Dart, one of the assignors,
has since the making of the assignment used and claimed to own a
trade-mark which should have been assigned. In respect of that
it is enough to say, that if the trade-mark was assignable property,
it is assigned by the assignment, and the title to it is wholly vested
in the assignee. A subsequent use of it by Dart, under a claim
that it is not assignable, is no evidence of a disposition of property
with intent to defraud. If his claim be correct, the property is
tangible and in reach of his creditors, and not disposed of. If the
claim be not well founded, the assignee may take possession and
dispose of it for the benefit of the creditors. It is, to say the least,

a disputable question, whether property in a trade-mark is the subject of attachment or levy under execution. (See *Hegeman* v. *Hegeman*, 8 Daly, 6.) But it is not necessary to consider that question, as nothing is shown in respect to the use of the trademark, that in our judgment indicates the fraudulent intent required by the provisions of the Code under which these attachments were issued.

The result is, that the orders in both cases are reversed and the attachments vacated, with ten dollars costs of the appeal, besides disbursements in each case.

Brady and Daniels, JJ., concurred.

Orders reversed and attachments vacated, with ten dollars costs and disbursements in each case.