ISRAEL Y. CARR, as Assignee, etc., Respondent, *v.*
GARRETT S. VAN HOESEN, Appellant.

*Attachment—what defects in the affidavits do not render it void—Action by a general*
*assignee to recover goods attached — the sheriff may show that the assignment was*
*fraudulent as to creditors.*

Where an attachment is granted in an action commenced by the personal service
of the summons upon the defendant, upon affidavits which are defective, in
that they are verified by the plaintiff's attorney, and state that the amount
claimed is due over and above all counter-claims known to the deponent, the
attachment is not thereby rendered void, but remains in full force and effect,
unless set aside by the court upon a motion duly made.

In an action brought by a general assignee for the benefit of creditors to recover
goods seized by the sheriff under a warrant of attachment, issued against the
assignor, the sheriff may show that the assignment was fraudulent and void
as against the attaching creditors.

APPEAL from a judgment in favor of the plaintiff, entered on a
verdict directed at the circuit, and from an order denying a motion
for a new trial made at Special Term upon a case and exceptions.

One Delmar W. Carr made an assignment for the benefit of his
creditors to the plaintiff, January 22, 1880. On the 27th of
January, 1880, Perry, Cook & Tower, creditors of Delmar W.
Carr, commenced an action against him on contract. In that
action they obtained an attachment against his property February 12,
1880, on the ground that he had assigned his property with intent
to defraud his creditors. And on that day the defendant, the sheriff,
attached the goods. Judgment in favor of Perry, Cook & Tower
against Delmar W. Carr was recovered February 17, 1880, and execu-
tion issued soon afterwards. On the 16th of February, 1880, this
action was commenced for the wrongful taking of these goods. On
the trial of this action the court refused to permit the defendant to
show that the assignment to the plaintiff was fraudulent, and directed
a verdict in favor of the plaintiff, the value of the goods being agreed
upon. Upon a motion for a new trial the learned justice held that
this ruling was erroneous, but denied a new trial, on the ground
that the affidavit on which the attachment was obtained, was made
not by the creditor, but by his attorney, and that it stated that the

claim was 'over and above all counter-claims known to deponent. The defendant appeals from the judgment and order denying a. new trial.

*R. H. Duell,* for the appellant.

*Waters & Knox,* for the respondent.

LEARNED, P. J. :

An attachment under the Code is not the commencement of a proceeding. It is a provisional remedy in an action which is commenced by the service of a summons. The sufficiency of the affidavit is not jurisdictional. (*In Matter of Griswold,* 13 *Barb.,* 412; *Furman* v. *Walter,* 13 How., 352.) In the case of *Van Alstyne* v. *Erwine* (1 Kern., 331), cited by the learned justice, the attachment was issued under the Revised Statutes, and was the only process by which jurisdiction was acquired. In this present case, on the contrary, jurisdiction was acquired of Delmar W. Carr, by personal service of a summons upon him. He might have moved to set aside the attachment, if he had chosen to do so, but he did not. It was therefore valid against him, and that is enough for this case, so far as appeared on the trial.

Many cases are cited by the plaintiff where, on motion, attachments have been set aside. But these have no application. So several cases are cited which have arisen upon attachments in Justices' Court. But such attachments are the process by which jurisdiction is obtained. Here, as already stated, jurisdiction was obtained by the service of the summons. Whether then, on the motion of Delmar W. Carr in the action against him, the attachment would have been set aside, it is unnecessary to inquire. It was not set aside, and that is enough between the present parties. It was certainly a justification to the sheriff if the property which he seized belonged to Delmar W. Carr. That presents the next question on which the plaintiff insists that the learned justice was correct upon the trial.

The case of *Rinchey* v. *Stryker* (28 N. Y., 45) is conclusive that the sheriff, having levied on goods and chattels under this attachment, could show that the assignment of the same to the plaintiff

was fraudulent as to the creditors who obtained the attachment. The same doctrine is held in *Frost* v. *Mott* (34 N. Y., 255), and in *Hall* v. *Stryker* (27 id., 596). The cases in the Court of Appeals cited by the plaintiff as altering that doctrine do not affect it in the least, or rather affirm it. The case of *Thurber* v. *Blanck* (50 N. Y., 80) only decides that when a debtor has fraudulently assigned a chose in action, the sheriff cannot levy thereon by attachment or bring an action to set aside the fraudulent assignment. The case recognizes distinctly the case of *Rinchey* v. *Stryker* (*ut supra*), and repeats that "in the case of personal chattels the sheriff seizes the property," and "the creditor may defend the lien obtained by the attachment and levy." The decision in *Castle* v. *Lewis* (78 N. Y., 131) is to the same effect. That decided two cases. In the first the assignment was not claimed to be fraudulent. In the other the assignment was of a chose in action. The case of *Ocean Bank* v. *Olcott* (46 N. Y., 12) decides nothing on this point.

The language of *Deutsch* v. *Reilly* (57 How., 75), cited by the plaintiff, is in direct conflict with the settled law of the Court of Appeals.

The sheriff, under an attachment, can levy on goods and chattels. He thereby acquires a specific lien. Having such specific lien he can show that, as to the attaching creditor, the goods and chattels are the property of the debtor. But, if the debtor has assigned a bond and mortgage or chose in action, the sheriff under the old Code could not levy on this by his attachment, or bring an action to set aside the assignment according to the decision of *Thurber* v. *Blanck* (50 N. Y., 80). How this may be under the new Code we need not inquire.

Judgment and order reversed, and new trial granted, costs to abide event.

Present — LEARNED, P. J., RUMSEY and OSBORN, JJ.

So ordered.