TOBY W. JOHNSTON, APPELLANT, *v.* JOHN STIMMEL AND OTHERS, RESPONDENTS.

*Interpleader — when an order requiring the United States to interplead is proper.*

In this action, brought by the assignee of a mortgage to foreclose the same, it appeared that before the mortgage was assigned the United States had commenced an action in the United States Court against the mortgagee (the assignor), and that after the making and recording of the assignment an attachment had been issued therein, under which the mortgage debt had been levied upon as the property of the assignor, on the ground that the assignment was fraudulent and void. After the commencement of this action the United States Court, upon the application of the defendants, the owners of the property covered by the mortgage, directed that the levy be discharged, unless the United States consented to appear and yield to the jurisdiction of the State court and allowed its right to hold its lien to be there determined on the merits, if the State court should direct the United States to be interpleaded or substituted as a defendant in this action.

Thereafter, upon a motion duly made, this court directed that the amount of the claim, with interest and costs, be deposited with the clerk, and that the United States be interpleaded or brought in as a defendant, upon condition that the United States district attorney should appear for the United States and stipulate that it would submit itself to the jurisdiction of this court and consent that its title to the mortgage debt be determined herein upon its merits, and that it would abide by the judgment.

*Held*, that the order was properly made and should be affirmed.

APPEAL from an order of interpleader made at Special Term.

On January 23, 1875, the defendant Conrades made and delivered to Harrison Johnston his bond, by which he agreed to pay to

said Harrison Johnston the sum of $5,000 and interest. Conrades being the owner of certain leasehold estate on the west side of Third avenue, between Sixty-fourth and Sixty-fifth streets in the city of New York, on the same date executed and delivered to said Harrison Johnston a mortgage upon said premises to secure the payment of said bond. The plaintiff claimed that on October 29, 1879, said bond and mortgage were assigned to him by his father, Harrison Johnston, by an assignment of that date, recorded November 5, 1879. Conrades conveyed the premises to the defendant Warnsdorfer, January 1, 1875, subject to said mortgage, the payment of which was assumed by Warnsdorfer.

On April 30, 1879, about six months prior to the date of the assignment to the plaintiff, the United States of America commenced an action against said Harrison Johnston in the United States Circuit Court for the Southern District of New York, to recover the sum of $1,967,987.96. On March 5, 1880, after the recording of said assignment, an attachment in said action was issued to the marshal of the southern district of New York, who attached in due form of law said mortgage, and notice thereof was duly given to said Warnsdorfer and Harrison Johnston. The assignment of said mortgage from Harrison Johnston to his son, Toby W. Johnston, the plaintiff, was claimed by the United States to be fraudulent and void, and that the mortgage debt was the property of said Harrison Johnston, and therefore liable to be attached as his property. Both Harrison and Toby W. Johnston are non-residents of this State.

A motion on behalf of Harrison Johnston, or some one in privity with him, was made in said Circuit Court to discharge said attachment, but the same was denied.

On April 29, 1880, and after service of the attachment on him, Warnsdorfer conveyed the property to the defendant Stimmel, who was not willing to assume the payment of the mortgage debt, and desired that it be discharged, but, by reason of the levy under the attachment, the same could not be paid off, and on that day the amount of said mortgage debt was deposited in the United States Trust Company to the joint credit of Warnsdorfer and Stimmel, to be drawn therefrom only upon their joint order, and for the purpose of paying off said mortgage; and the money continued in said

Trust company until it was paid to the clerk of this court by virtue of the order appealed from November 3, 1881.

In July, 1881, this action was commenced to foreclose said mortgage and for a sale of the property.

In September, 1881, a motion was made on behalf of Warnsdorfer, in the action of the United States of America v. Harrison Johnston, to discharge the attachment and levy as to said mortgage debt, and for permission to pay the same to the said Toby W. Johnston, the plaintiff in this action. Upon said motion the United States was heard, and Judge BROWN made an order directing the discharge of said levy, etc., unless the United States of America consented to appear and yield to the jurisdiction of this court, and allow the questions as to the right of the United States of America to hold its lien, to be determined on the merits, if, on a motion to be made by the defendants in this action, this court should direct the United States of America to be interpleaded or to be substituted as a defendant in this action.

The plaintiff in this action had due notice of that motion in the United States Court, but did not appear thereon.

Thereafter, and before answering, a motion on affidavits showing these facts was made on behalf of the defendants Stimmel and Warnsdorfer, for leave to pay the amount of said mortgage and the money claimed by the plaintiff into the court, and that the United States of America be substituted as the defendant therein, or that it be brought in as a defendant.

The motion came on before Judge BARRETT, who, after hearing the counsel for the plaintiff and defendants, and the United States district attorney, on behalf of the United States, directed that the amount of the claim, with interest and costs, be deposited with the clerk, and that the United States of America be interpleaded or brought in as a defendant, from which order the plaintiff appeals.

*Hamilton Wallis*, for the appellant.

*Armour C. Anderson* and *Joseph Bellesheim*, for the respondent Stimmel.

*De Witt C. Brown*, for the other respondents.

BRADY, J. :

The application which resulted in the order appealed from, was made in pursuance of the order directed by Judge BROWN, on the motion to discharge the attachment issued on behalf of the United States, and that order was a conditional one predicated of the voluntary appearance of the United States in this action and submission to the jurisdiction of this court if this proceeding were instituted. The order of Justice BARRETT provided for such voluntary appearance and submission to the jurisdiction of this court in the premises within ten days; and further, that in default of such submission that the plaintiff upon judgment obtained, should be paid the money deposited under the terms of the order.

The learned justice in his opinion said on that subject: "The only remaining difficulty is as to bringing in the United States. That seems, however, to have been settled by the order of the District Court, and the willingness expressed by the United States district attorney to submit to the jurisdiction. The motion should, therefore, be granted upon the money being brought into court and upon the United States district attorney appearing for the United States herein, and stipulating that the United States submits to the jurisdiction and consents that the title to the mortgage debt may be determined herein upon the merits, and that it will abide by the judgment."

The order was conditional, therefore, and by its terms obviated the objection that this court has no power to implead the United States. The theory upon which both Judges BROWN and BARRETT acted was that sovereignty would voluntarily appear. If it does not, then the order fails, and the plaintiff is not prejudiced ; if it does, then the jurisdiction of this court is established and the proper remedy can be invoked. As matter of justice, the order was decidedly proper. There are two claimants to the fund in court and the debtor should not be obliged to participate in the controversy between them. It is true that the United States is an attachment creditor only, and, it may be, is not in a position to attack the assignment to the plaintiff of the bond and mortgage. Whether a mere attaching creditor can so proceed is a question marked in this State by conflicting opinions and adjudications in the Court and Commission of Appeals (see *Thurber* v. *Blanck*, 50 N. Y.,

80 ; *Mechanics and T. Bank of Jersey City* v. *Dakin,* 51 id., 519), and the United States Circuit Court, if the controversy were therein continued, might sustain the right of the United States to the fund, provided the assignment were shown, as alleged, to have been fraudulently executed. It is idle to say that there was nothing shown on the motion made in this court to authorize the order appealed from. The United States had obtained an attachment and had taken the necessary steps through the proper officer to secure whatever lien upon the fund the attachment could create, and the extent of that lien must depend upon the effect of the attachment and the rights secured by it. If the issuance of that process established a right to hold the fund, subject to the determination of the question of fraud presented, then there could be no doubt whatever of the character of the claim urged by the United States, or that the respective claims asserted by it and the plaintiff are such as to warrant the interposition of this court by way of interpleader. The proceeding is within the provisions of section 820 of the Code, which, while they do not introduce any new cause of interpleader, perfect a simple remedy which may be resorted to where previously the only remedy was by action. (1 Vol. Wait's P., 166, and cases cited ; Townsend's Code [1870], 122, and cases cited.)

A demand is made against the debtor for the same debt or property and without collusion. The money which is provided to pay the mortgage debt is claimed by two persons, the plaintiff and the United States, and it is proper that these claimants should conduct any litigation that may be necessary to determine their respective rights. The debtor by providing the fund has done all that he should be called upon to perform. If the United States does not come in and submit its claim to the jurisdiction of this court, as provided by the order appealed from, the interpleader fails and the plaintiff can proceed. For these reasons the order appealed from should be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.