PETER BOWE, AS SHERIFF, ETC., AND OTHERS, APPELLANTS, v. JOHN H. V. ARNOLD, INDIVIDUALLY AND AS ASSIGNEE, ETC., OF THOMAS E. ARNOLD AND MARIA T. ARNOLD, RESPONDENTS.

*Action to set aside a fraudulent conveyance—when an attaching creditor cannot maintain it, before the recovery of a judgment and the issue and return of an execution.*

In an action brought by the plaintiffs, Henry W. Smith and Thomas and Rachel S. Gaff against Thomas and Maria Arnold, an attachment was issued against the property of the defendants to the sheriff, who by virtue thereof seized certain property claimed to belong to them. The property being claimed by one John Arnold under an assignment for the benefit of creditors, made to him by Thomas and Maria Arnold, this action was commenced by the sheriff and the plaintiffs in the action, in which the attachment was issued, to set aside the assignment as fraudulent.

*Held,* that they could not maintain the action.

*Bates* v. *Plonsky* (28 Hun, 112); *Rinchey* v. *Stryker* (28 N. Y., 45), distinguished.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action at a Special Term.

*Walter Howe,* for the appellants.

*John H. V. Arnold,* for the respondents.

DANIELS, J. :

An attachment was issued in favor of the plaintiffs, Henry W. Smith, Thomas Gaff and Rachel S. Gaff, to the other plaintiff, Peter Bowe, as sheriff of the county of New York, against the

property of Thomas E. and Maria T. Arnold, and seizure was made by the sheriff under the attachment, but the property so seized was claimed by the defendant John H. V. Arnold, under an assignment made to him by the debtors for the benefit of their creditors, and this action was brought to set aside the assignment as fraudulent. It was supposed to be maintainable under the authority of sections 655 and 667 of the Code of Civil Procedure. But neither of those sections authorized the prosecution of such an action, either by the sheriff or the attaching creditors, or both together. What they have authorized are actions to collect and receive the debts, effects and things in action attached by the sheriff, but this suit was not brought to recover any demand or claim of that nature. And it is in the prosecution of such actions only that the plaintiffs in the attachment are at liberty to join the sheriff. The action, as these sections have authorized it, must be to recover property or the value thereof, or a demand attached, or upon an undertaking given by a person other than the plaintiff. Under neither of these sections of this Code could this action be maintained, and it was rightly so held at the trial. (*Thurber* v. *Blanck*, 50 N. Y., 80, 86; *Lynch* v. *Crary*, 52 id., 181, 183.)

It has now, however, been urged that the action may be maintained for the protection and enforcement of the lien obtained by the levy under it upon the property, upon the authority of *Bates* v. *Plonsky* (28 Hun, 112), but that was not a suit of this nature. It was an action, in effect, brought to prevent the distribution of the proceeds of the property until the conflicting rights of different claimants to them could be settled by the court, and a lawful distribution be made under its authority. It was not intended to be held, and was not in that case, that creditors seizing property claimed to be that of the debtors, could by force of their seizure alone maintain an action to set aside an alleged fraudulent disposition previously made of it by the debtors. But all that was held was that the plaintiffs were entitled to enjoin the disposition of the proceeds until the action could be tried for the purpose of determining the conflicting rights of the different parties to such proceeds, and whether the action could be maintained was not a point before the court at that time for determination. All that was then presented and decided was that there was sufficient to enjoin the dis-

tribution of the proceeds until a final hearing and determination could be had.

As this action cannot be maintained under the sections of the Code which have been mentioned, there seems to be no legal ground upon which it can be allowed to stand. To authorize the creditors in maintaining an action of this description, it is necesary that they shall first recover judgment in their favor, and after that has been done, to sustain a creditor's suit to discover and reach the debtor's property under the provisions of the statute, an execution must be issued and returned unsatisfied (3 R. S. [6th ed.], 190, § 55) and these provisions have since been embodied in section 1871 of the Code of Civil Procedure.

Under them, after the return of an execution wholly or partially unsatisfied, the creditor may maintain an action against the debtor and any other person to compel the discovery of any thing in action or other property belonging to the judgment debtor or held in trust for him. And in such an action the party holding the debtor's property may be compelled to deliver it over or assign it, as the case may require, to a receiver to be appointed to dispose of it for the benefit of the creditors. (*Chautauque Co. Bank* v. *Risley*, 19 N. Y., 370; *Cole* v. *Tyler*, 65 id., 73; *Ballou* v. *Jones*, 13 Hun, 629; *Thurbⁱ* v. *Blanck*, 50 N. Y., 80, 86.)

An action may also be maintained by judgment creditors after the issuing of an execution upon their judgment against the property of the debtor, to remove obstructions and set aside fraudulent dispositions of the debtor's property preventing the execution from being made effectual. In this class of actions the court interposes under its general equitable authority to relieve creditors where no adequate legal remedy can be applied at law for that purpose. But this jurisdiction extends no farther than to authorize the interference of the court after a judgment shall have been recovered, and an execution issued to the proper county upon it against the property of the debtor. (*Fox* v. *Moyer*, 54 N. Y., 125; *Adsit* v. *Butler*, 87 id., 585.)

And these are the only classes of cases in which the creditor may proceed by action to set aside fraudulent dispositions made by the debtor of his property.

But if the seizure made by the sheriff under the attachment shall be questioned by an action in favor of the debtor's vendee, it may be

defended upon allegations and evidence showing the title of the latter to be fraudulent. (*Rinchey* v. *Stryker*, 28 N. Y., 45.)

The principle upon which this right has been supported is, that the creditor is entitled to maintain his alleged lien under the attachment, when that may be adversely questioned, by showing as a matter of fact that the property seized legally belonged at the time to the debtor.

But neither of these authorities, nor that to which reference was first made, established any legal principle under which the present suit can be sustained. The direction dismissing the complaint was a proper one, therefore, and the judgment should be affirmed, with costs.

BRADY, J., concurred.

DAVIS, P. J. :

I concur in the result in this case, but not altogether in the views expressed in the opinion. The old rules of chancery which were embodied into the Revised Statutes, declared and regulated the cases in which a suitor in the courts of law could come into a court of equity for equitable relief to enable him to enforce his judgment. To do that he must show that he had exhausted his remedy at law; or that the powers of the law courts were inadequate to afford relief. But under the present system there are no separate courts, but a single court clothed with all the jurisdiction which formerly pertained to both jurisdictions. In a great degree, therefore, the reason of the old rules has failed.

The right to relief to be granted by courts does not depend now upon the question whether the action is legal or equitable in its nature, for courts are bound to award such relief as a party shows himself entitled to within the scope of his pleadings, whether equitable or legal; and where issue is joined, without regard to the form of his prayer. A party is not to be turned out of court at one door to come into the same court by another, because he has claimed equitable relief when he should have asked for legal, or legal when he should have asked for equitable. The inability to forget the old rules and practice of the former distinct and independent tribunals, and the necessity of showing in each a right to be in that particular court, has led to many errors in administering justice under the new

system, and particularly, I think, in determining when transfers of property to defraud creditors may be attacked for fraud and in what form. The error is perhaps incurable without legislative aid.

This case is within the scope of such errors and must be determined accordingly.

Judgment affirmed, with costs.